**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Norman Eugene LEWIS, Defendant-
Appellant.**

**No. 71–2622.**

United States Court of Appeals,
Ninth Circuit.

May 18, 1972.

Daniel B. MacLeod (argued), San Diego, Cal., for defendant-appellant.

Lyn I. Goldberg, Asst. U. S. Atty. (argued), Harry D. Steward, U. S. Atty., Stephen G. Nelson, Asst. U. S. Atty., San Diego, Cal., for plaintiff-appellee.

Before BARNES and WRIGHT, Circuit Judges, and BYRNE, Sr., District Judge.*

PER CURIAM:

A jury found Lewis guilty on two counts of smuggling aliens into the United States and one conspiracy count. On appeal he attacks the sufficiency of the evidence to demonstrate guilt, the admission of deposition testimony of the two smuggled aliens, and the imposition of sentence by a judge other than the

---

* Honorable William M. Byrne, Sr., United States District Judge for the Central District of California, sitting by designation.

one who presided at his trial. We affirm.

 Viewing the evidence in the light most favorable to the government, we find that the record reveals abundant proof to support the verdicts on all three counts. The jury could properly have found that Lewis and an accomplice arranged to hide the aliens in an automobile trunk compartment, and then enlisted their female companions as unwitting accessories to drive the car across the border.

Material witness complaints were filed against the two aliens to ensure their presence at Lewis' trial and they remained in custody, unable to post bail. After several months, a magistrate appointed counsel for them, and the parties arranged for their depositions and release. Defense counsel attended the deposition proceedings, and Lewis personally appeared before the court and waived his right to confront the witnesses at trial. The court then ordered the aliens returned to Mexico. At Lewis' trial the deposition testimony was read into evidence without objection.

■ The taking of depositions in these circumstances is authorized by 18 U.S.C. § 3503(a). Their admission into evidence is permitted by 18 U.S.C. § 3503(f). The court had obtained an express waiver from Lewis before ordering the release of the aliens. Since all parties complied with the statutory procedure, and since Lewis knowingly waived his right to confront the witnesses in person, the court committed no error in admitting the testimony.

■ Although a convicted defendant should normally be sentenced by the judge who presided at his trial, a sentence imposed by another judge of the same court is not void. United States v. Bakewell, 430 F.2d 721 (5th Cir. 1970). The sentencing judge warned Lewis that he saw little reason for leniency after reading the presentence report. He repeatedly suggested that the trial judge could more appropriately determine the sentence but Lewis asked to be sentenced at once rather than wait for the return of the trial judge.

The convictions are affirmed.