UNITED STATES of America,
Plaintiff-Appellee,

v.

Joe Fernando GARCIA, also known as Joe Hernandez Garcia,
Defendant-Appellant.

No. 75–2073.

United States Court of Appeals,
Ninth Circuit.

Nov. 28, 1975.

474

Sev. A. Rodarte of Christakis, Rodarte & Jordan, Phoenix, Ariz., for defendant-appellant.

William C. Smitherman, U. S. Atty., Tucson, Ariz., for plaintiff-appellee.

OPINION

Before KOELSCH and CARTER, Circuit Judges, and JAMESON,* District Judge.

JAMES M. CARTER, Circuit Judge.

Garcia was convicted and sentenced to prison for 18 months on three counts, the sentences to run concurrently. The offense in each count was knowingly transporting illegal aliens and aiding and abetting such transportation in violation of 8 U.S.C. § 1324(a)(2) and 18 U.S.C. § 2.

Garcia makes four contentions of error, but only the fourth is worthy of any extended discussion. The contentions and the short answers to the first three are:

■ (1) *Insufficiency of the evidence to support the convictions.* The evidence was conflicting. Viewing it in the light most favorable to the government, it was sufficient.

■ (2) *That the verdict of guilty on three counts was fatally inconsistent with the verdict of not guilty on the fourth count.* Consistency is not necessary. *Dunn v. United States,* 284 U.S. 390, 393, 52 S.Ct. 189, 76 L.Ed. 356 (1931). The contention is frivolous.

(3) *That the verdicts are ambiguous.* This is a variation of his second contention and it likewise is frivolous.

(4) *That it was error to read one deposition, since it was not signed.*

There were 17 aliens in the van, driven by another, in which Garcia was a passenger. The government, on motion granted by the court on April 10, 1975, deposed five aliens.

The hearing was noticed for April 7, 1975, continued to April 9 and then to April 10, because Garcia and his attorney did not appear. The depositions were taken on April 10, 1975, with Garcia and his attorney present. The case had previously been set for trial April 16, 1975, and was tried on the 16th or 17th.

* Honorable William J. Jameson, Senior United States District Judge, District of Montana, sitting by designation.

The depositions were filed on April 14, 1975, a Monday. At the trial on April 16, 1975, Garcia's counsel objected when the court was proceeding to have the depositions read.[1] The objection was overruled and the depositions read to the jury.

Rule 15(a), Fed.R.Crim.P., states that a "deposition shall be taken in the manner provided in civil actions." 1 C. Wright, Federal Procedure and Practice, § 243, at 483, fn. 43 (1975) states that Rule 15(d) incorporates by reference Rule 30(e) and Rule 32 of the Fed.R.Civ.P.

Rule 30(e) requires signing of depositions unless signature is waived. Rule 32(d) entitled "Effect of Errors and Irregularities in Depositions", states in part: ". . . Errors and irregularities in the manner in which . . . the deposition is prepared, signed . . . filed or otherwise dealt with by the officer under Rules 30 and 31 are waived unless a motion to suppress the deposition . . . is made with reasonable promptness after such defect is, or with reasonable diligence might have been, ascertained." Rule 32(d)(4).

■ There is no showing that defense counsel could not by reasonable diligence have ascertained the lack of signature on the deposition before trial. Although there was only a short period of time between the filing of the depositions and the trial, Garcia and his counsel delayed the taking of the deposition.[2]

Even at trial no motion to suppress was made, as required by Rule 32(a)(4). Nor was any showing of the incorrectness of the content of the depositions made to the trial court. Defendant was present when they were taken and an inspection of the depositions could have shown errors appearing therein.

There is little federal law on the matter. *See Bernstein v. Brenner*, 51 F.R.D. 9, 11, 13 (D.D.C.1970) which lists factors to be considered on failure to sign a deposition—relevance and importance of the testimony, degree to which the evidence is impaired by the failure of the witness to review, correct and sign the deposition, and the prejudice to the defendant.

The defendant's counsel failed to timely file the motion to suppress, failed to point out errors in the deposition, and made no showing of real prejudice to Garcia. The trial had already started and was under way when the question was first raised.

The action of a trial court will not be disturbed in such a situation unless there appears an abuse of its discretion. Although it would have been better practice for the United States Attorney to have secured a waiver of the aliens' signatures on such depositions, we find here no error.

Affirmed.

---

1. The objection was as follows:

". . . [O]ne of these depositions . . . says 'signature waived' and I don't know who waived what signature. I don't notice any signature on these depositions. . . . The proper procedure is for the witness to go over the answers to make sure they have the right answers. . . . I would object to them being read, unless they [the government] can show that . . . someone from defendant's side waived signature . . . that these depositions not be read until they would be properly signed in accordance with the Rules."

2. The docket shows the motion to depose the aliens was noticed for April 7, 1975.

The minute entry on April 7, 1975, reads in part:

"Hearing on Motion to Depose Material Wit. No appearance by or on behalf of deft. *

* * * Order, hearing cont. to 4–9–75 at 8:30 a. m. Fur. order, deft & his counsel appear in person this date. * * * * Fur. order, that a b/w will issue for deft. or his counsel should they fail to appear as ordered." * * * *

The minute entry of April 9, 1975, reads:

"Fur. hearing Motion to Depose Mat. Wit. Deft. no pres. Hearing had. Order, hearing cont. to 4–10–75 at 8:45 a. m." * * * *

The minute order of April 10, 1975, reads:

"Further hearing on motions to depose material witnesses. Deft. GARCIA pres w/c. * * * * Order grant motion to depose material witnesses * * * * material witnesses shall be taken forthwith [to] jury room [for depositions]" * * * *

The depositions were taken on April 10, instead of April 7, 1975, the date originally set.