UNITED STATES of America, Appellee,

v.

Shirley Ann VIXIE, Appellant.

No. 75–1430.

United States Court of Appeals,
Ninth Circuit.

March 23, 1976.

Jerrold M. Ladar (argued), San Francisco,
Cal., for appellant.

John D. O'Connor, Asst. U. S. Atty. (argued), San Francisco, Cal., for appellee.

## OPINION

Before BROWNING and SNEED, Circuit Judges, and SMITH,* District Judge.

PER CURIAM:

This is an appeal from a conviction for violating 18 U.S.C. § 1505 by submitting a false document in response to an Internal Revenue Service subpoena issued pursuant to section 206 of the Economic Stabilization Act Amendments of 1971. P.L. 92–210, 85 Stat. 743 (1971) (*see* 12 U.S.C.A. § 1904 note (1976 Supp.)). We affirm.

■ 1. Appellant argues that the exclusive remedy for refusal to obey the subpoena was an application to the district court to compel compliance authorized by section 206 of the Economic Stabilization Act Amendment of 1971. Nothing in the language of the statute, the legislative history, or judicial decisions suggests that Congress intended the remedy provided in § 206 to be exclusive, or to restrict the applicability of 18 U.S.C. § 1505. Furthermore, the indictment charged more than "refusal to obey a subpoena." Appellant was charged with affirmatively submitting a false document.

■ 2. Appellant argues that submitting a false document is not a violation of 18 U.S.C. § 1505, where, as here, the conduct violates 18 U.S.C. § 1001, *citing United States v. Ryan,* 455 F.2d 728, 733 (9th Cir. 1972). But *Ryan* held only that the intent element of 18 U.S.C. § 1503 had not been established by the evidence presented and that the records subpoenaed in that case were not material to the proceeding in question.

■ 3. Appellant argues that acquittal of appellant on other counts of the indictment based on the same transaction necessarily implies a jury rejection of the facts necessary to sustain the count based on 18 U.S.C. § 1505. The verdicts were not necessarily inconsistent, but even if they were, inconsistency in verdicts is no ground for reversal. *Hamling v. United States,* 418

U.S. 87, 101, 94 S.Ct. 2887, 2899, 41 L.Ed.2d 590, 611 (1974); *United States v. Garcia,* 527 F.2d 473, 474 (9th Cir. 1975). It makes no difference that some of the facts required to convict on the various counts may be the same. The rule is based on a recognition that jury verdicts may result from compassion and compromise, rather than from inconsistent factual determinations. *United States v. Greene,* 497 F.2d 1068, 1085–86 (7th Cir. 1974); *cf. Catrino v. United States,* 176 F.2d 884, 888 (9th Cir. 1949).

■ 4. The record refutes appellant's assertion that the subpoena did not request the original of an identified document; and the evidence is sufficient to establish that appellant failed to produce the original document requested, and that she refused with the specific intent to obstruct the Internal Revenue Service's investigation of her client.

■ 5. An administrative investigation is a "proceeding" within the meaning of 18 U.S.C. § 1505. *United States v. Fruchtman,* 421 F.2d 1019, 1021 (6th Cir. 1970); *Rice v. United States,* 356 F.2d 709, 712, 715 (8th Cir. 1966); *see also United States v. Abrams,* 427 F.2d 86, 90 (2d Cir. 1970). The obstruction need not be successful; the jury may convict one who "endeavors" to obstruct such a proceeding. *See Catrino v. United States,* 176 F.2d 884, 886 (9th Cir. 1949) (similar language in predecessor to 18 U.S.C. § 1503). By analogy, it is no defense that the government might have obtained the desired information elsewhere.

Affirmed.

---

* Honorable Russell E. Smith, United States District Judge for the district of Montana, sitting by designation.