UNITED STATES of America, Appellee,

v.

Eristello Sesena PROVENCIO, Appellant.

UNITED STATES of America, Appellee,

v.

Filiberto LIZOLA–RODRIGUEZ, Appellant.

Nos. 76–3329, 76–3330.

United States Court of Appeals, Ninth Circuit.

Jan. 25, 1977.

Revised March 3, 1977.

As Modified on Denial of Rehearing June 21, 1977.

Dwight M. Whitley, Jr. (argued), Tucson, Ariz., for appellants.

Christopher L. Pickrell (argued), Asst. U. S. Atty., Tucson, Ariz., for appellee.

Before HUFSTEDLER, SNEED and KENNEDY, Circuit Judges.

PER CURIAM:

Appellants appeal from their convictions for violation of 8 U.S.C. § 1324(a)(2) (transporting aliens). On August 27, 1976, the lawyer for the five detained alien witnesses moved for their release. Counsel for appellants was present and stated that there was no objection to having the depositions of the aliens taken and having them released.

The depositions were taken on August 31 and September 3, 1976. Counsel for appellants did not stipulate to the use of the depositions at trial. In fact, the aliens were not released and were still available at the time of trial. Without objection by counsel for appellants, the depositions were used at the trial on September 9.

Two questions are presented on these appeals: (1) Was the introduction of the depositions without any proof that the deposed witnesses were unavailable and without a stipulation permitting the use of the depositions plain error? (2) Did the defendants waive their right to confront witnesses by reason of their counsel's course of conduct anteceding the trial and/or by their counsel's failure to object to the use of the depositions at the trial?

■ The testimony of these declarants in their pretrial depositions is, of course, hearsay, and the testimony is plainly inadmissible in absence of a showing that the witnesses whose depositions were taken were unavailable. If counsel had interposed an objection based upon the hearsay character of the statements under the circumstances, the deposition testimony would have had to be excluded. The Government not only did not, but it could not have laid the necessary foundation for the introduction of the testimony of these witnesses by way of deposition. However, it is unnecessary for us to decide whether the error in admitting the evidence without objection was plain error, because it is crystal clear that the introduction of the evidence was in violation of appellants' constitutional rights to confrontation.

The fundamental principles are old and very well settled: "Many years ago this Court stated that '[t]he primary object of the [Confrontation Clause of the Sixth Amendment] . . . was to prevent depositions or *ex parte* affidavits . . .

being used against a prisoner in lieu of personal examination and cross-examination of the witness in which the accused has an opportunity, not only of testing the recollection and sifting the conscience of the witness, but of compelling him to stand face to face with the jury in order that they may look at him, and judge by his demeanor upon the stand and the manner in which he gives his testimony whether he is worthy of belief.' *Mattox v. United States,* 156 U.S. 237, 242–243 [15 S.Ct. 337, 339, 39 L.Ed. 409] (1895). More recently, in holding the Sixth Amendment right of confrontation applicable to the States through the Fourteenth Amendment, this Court said, 'There are few subjects, perhaps, upon which this Court and other courts have been more nearly unanimous than in their expressions of belief that the right of confrontation and cross-examination is an essential and fundamental requirement for the kind of fair trial which is this country's constitutional goal.' *Pointer v. Texas,* 380 U.S. 400, 405, 85 S.Ct. 1065, 1068, 13 L.Ed.2d 923 (1965)." *Barber v. Page,* 390 U.S. 719, 721, 88 S.Ct. 1318, 1320, 20 L.Ed.2d 255 (1968).

In *Barber v. Page, supra,* the Court held that a defendant was deprived of his Sixth Amendment right of confrontation when, as evidence against him, a transcript of the preliminary hearing testimony of a witness was introduced and the witness was not unavailable. The witness was deemed available even though he was confined in a federal prison in Texas and the trial took place in a state court in Oklahoma. A waiver of a defendant's right to confront the witness at trial was specifically held not to have been effected by reason of petitioner's counsel's actually cross-examining the witness at the preliminary hearing. A fortiori no waiver can be predicated upon the cross-examination of these alien witnesses in a non-judicial proceeding during the course of a pretrial deposition.[1]

---

1. No Supreme Court decision has ever permitted the use of deposition testimony by the Government, as substantive evidence, when the witness whose deposition is in question is available and not present in the courtroom. The case that goes the furthest in permitting deposition testimony to be used is *California v. Green,* 399 U.S. 149, 90 S.Ct. 1930, 26 L.Ed.2d 489 (1970), which permits deposition testimony to be used, under state law that expressly permitted the procedure, when the declarant was testifying as a

The Government's reliance upon *United States v. Lewis,* 460 F.2d 257 (9th Cir. 1972) is totally misplaced. In the *Lewis* case, Mr. Lewis personally appeared before the court and waived his right to confront the witnesses at trial. The court thereupon ordered the aliens returned to Mexico. The witnesses were unavailable at the time of trial, and "all parties complied with the statutory procedure [18 U.S.C. § 3503(f)]." (*Id.* at 258.)

■■■ The violation of the appellants' constitutional right of confrontation compels reversal unless the appellants can be said to have waived the right. Waiver of fundamental constitutional rights is not to be implied and it is not lightly to be found. The record contains no express waiver of the right to confrontation. We will not imply a waiver of a fundamental right from the failure of defense counsel to object at the time of trial. Neither the pretrial nor the proceedings at trial provided a foundation for a conclusion that appellants intentionally relinquished or abandoned their right to confrontation. (*Barber v. Page, supra,* 390 U.S. at 725, 88 S.Ct. 1318.) Especially is this true in that Government counsel suggested at the time of trial that the depositions were to be used by reason of compliance with the statute. The implication was that the witnesses whose depositions were to be used had been deported to Mexico.

Because the cases must be reversed for constitutional error in admitting the depositions of the aliens, we find it unnecessary to discuss the additional contentions of Eristello Sesena Provencio.

REVERSED.

witness in court at the time and the witness was subject to full and effective cross-examination. (399 U.S. at 158, 90 S.Ct. 1930.) 18 U.S.C. § 3503 is irrelevant because the Government failed to fulfill any of the conditions precedent to the use of the deposition testimony when taken according to the terms of the statute.