UNITED STATES of America,
Plaintiff–Appellant,

v.

Raul VASQUEZ–RAMIREZ, t/n Eduardo Antonio Durate, Defendant–Appellee.

CA No. 79–1794.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 7, 1980.

Decided July 16, 1980.

Judith S. Feigin, Asst. U.S. Atty., argued, Michael H. Walsh, U.S. Atty., Judith S. Feigin, Asst. U.S. Atty., on the brief, San Diego, Cal., for plaintiff–appellant.

Craig Weinerman, Fed. Public Defender, San Diego, Cal., for defendant–appellee.

Before FARRIS and NELSON, Circuit Judges, and JAMESON,* District Judge.

PER CURIAM:

The United States has appealed from an order suppressing two unsigned depositions of material witnesses. We affirm.

Raul Vasquez–Ramirez (Vasquez) was arrested at the San Clemente checkpoint on June 14, 1979, for transporting two undocumented Mexican aliens. On June 20, 1979 a grand jury returned a three count indictment–two counts charging transportation of illegal aliens in violation of 8 U.S.C. § 1324(a)(2), and the third count charging a false claim of United States citizenship, in violation of 18 U.S.C. § 911. Vasquez denied knowing that the two persons he picked up were aliens who had crossed into the United States illegally and denied there had been any discussion as to payment of money for their transportation.

Pursuant to the requirements of *United States v. Mendez–Rodriguez*, 450 F.2d 1 (9 Cir. 1971), the two aliens were kept in custody as material witnesses. By order of the United States Magistrate their depositions were taken on June 29, 1979. Present at the taking of the depositions were an assistant United States Attorney, Vasquez and his attorney, the United States Marshal, an attorney for the witnesses, and the court reporter. On July 2, 1979, before the depositions were transcribed and signed, the two

---

* The Honorable William J. Jameson, Senior United States District Judge for the District of Montana, sitting by designation.

aliens were ordered released by the magistrate.[1] Before their release the magistrate suggested that either party might serve them with a subpoena in order to secure their testimony at trial, but neither party did so.

Vasquez moved to suppress the unsigned depositions on August 6, 1979. Following a hearing on August 16, the district court granted the motion. In denying a motion for reconsideration, the court on October 29, 1979 entered written findings of fact and conclusions of law. The court found that neither party waived the requirement of Rule 15(d) of the Federal Rules of Criminal Procedure and Rule 30(e) of the Federal Rules of Civil Procedure "that the depositions be signed by the witness";[2] that the depositions were filed and certified by the court reporter on July 3, 1979 and the witnesses were released on July 5; that they "did not review and sign the depositions prior to their release"; and that the "Government failed to subpoena the witnesses and failed to arrange with the Immigration and Naturalization Service for them to be paroled back into the United States for the defendant's trial, before the witnesses were released from custody." The court concluded further that the witnesses

were not "unavailable" within the hearsay exception of Rule 804(a)(5) of the Federal Rules of Evidence[3] "because the Government did not make a good faith effort to obtain the presence of the witnesses for trial", citing *Barber v. Page*, 390 U.S. 719, 88 S.Ct. 1318, 20 L.Ed.2d 255 (1968).[4]

Recognizing that "the decision on whether to admit unsigned depositions is a matter within the discretion of the district court, *United States v. Garcia*, 527 F.2d 473 (9 Cir. 1975)," the Government argues that the district court abused its discretion in failing to consider all of the factors and rules set forth in *Garcia*. In *Garcia* the district court permitted unsigned depositions to be read to the jury, and this court held that there was no abuse of discretion. While it is true that some of the factors suggested in *Garcia* would support admission of the unsigned depositions in this case, *Garcia* is distinguishable. In *Garcia* "no motion to suppress was made, as required by Rule 32(a)(4)." There was "no showing that defense counsel could not by reasonable diligence have ascertained the lack of signature on the deposition before trial." *Id.* at 475. Here appellee did ascertain that the depositions were unsigned, there had

1. They were released on July 5 to the custody of the Immigration and Naturalization Service (INS). The record does not reflect the number of days they remained in the custody of the INS before being returned to Mexico. While the unsigned depositions were filed on July 3, the Government states in its brief that "because of the July 4 holiday and a delay in the Government mail room . . . [it] did not receive the transcripts until at least July 5 (and possibly even later)."

2. Rule 15(d) of the Federal Rules of Criminal Procedure provides that a deposition shall be taken and filed in the manner provided in civil actions. Rule 30(e) of the Federal Rules of Civil Procedure reads in pertinent part:

(3) When the testimony is fully transcribed the deposition shall be submitted to the witness for examination and shall be read to or by him, unless such examination and reading are waived by the witness and by the parties. . . . The deposition shall then be signed by the witness, unless the parties by stipulation waive the signing or the witness is ill or cannot be found or refuses to sign.

3. Rule 804(a)(5) of the Federal Rules of Evidence reads:

(a) Definitions of unavailability. "Unavailability as a witness' includes situations in which the declarant

(5) is absent from the hearing and the proponent of his statement has been unable to procure his attendance . . . by process or other reasonable means.

4. In *Barber v. Page*, the Court held that a defendant was deprived of his Sixth Amendment right of confrontation when a transcript of the preliminary hearing testimony of a witness was used against him and the witness was not "unavailable". The witness was deemed available even though he was confined in a federal prison in Texas and the trial was in a state court in Oklahoma. The Court concluded that a witness is not "unavailable unless the prosecutorial authorities have made a good faith effort to obtain his presence at trial". 390 U.S. at 725, 88 S.Ct. at 1322.

been no express waiver, and a motion to suppress was filed in advance of trial.[5]

The Government contends that after the alien witnesses were returned to Mexico they were, for all practical purposes "unavailable" under Rule 804(a)(5), citing *United States v. Hooker*, 607 F.2d 286 (9 Cir. 1979).[6] The Government argues that a subpoena in this case could have been futile. At oral argument, however, counsel conceded that aliens have been effectively subpoenaed for trial *before* their return to Mexico.[7] It is true, as the Government argues, that either party could have subpoenaed the witnesses for trial. Rule 804(a)(5), however, places the duty on the *proponent* of the hearsay statement to attempt to secure the attendance of the person making the statement.

█ Nor can we accept the Government's argument that Vasquez impliedly "waived" his right to confront the witnesses at trial. In *United States v. Provencio*, 554 F.2d 361 (9 Cir. 1977), this court held that it was plain error to permit the introduction of depositions of alien witnesses without any proof that the deposed witnesses were unavailable and without a stipulation permitting the use of the depositions. Relying on *Barker v. Page, supra*, note 4, we concluded that "*A fortiori* no waiver can be predicated upon the cross-examination of the alien witnesses during the course of a pretrial deposition." *Id.* at 362. The court said further:

> Waiver of fundamental constitutional rights is not to be implied and it is not lightly to be found. The record contains no express waiver of the right to confrontation. We will not imply a waiver of a fundamental right from the failure of defense counsel to object at the time of trial.

*Id.* at 363. We reject the Government's contention that there was an implied waiver under the facts of this case.

The district court did not abuse its discretion in granting the motion to suppress the depositions.

AFFIRMED.

---

5.  The Government also argues that the motion was not made with "reasonable promptness" and any defect was thereby waived under Rule 32(a)(4). We cannot agree. The Government has failed to show that it was prejudiced by any delay in filing the motion to suppress.

6.  *Hooker* is clearly distinguishable. In that case this court held that the prosecution, lacking the power to conduct international affairs, need not make a diligent, good faith effort to bring a defendant to the United States to stand trial to avoid dismissal for postindictment delay. The defendant was in a Peruvian jail on a drug offense, and the treaty did not provide for extradition of persons charged with drug offenses.

7.  At the suppression hearing the Government agreed with the trial judge's query that, "The problem is that you could have subpoenaed them, could you not, and could have arranged with the Immigration and Naturalization Service for them to be paroled back into the United States for trial." (Reporter's Transcript of Suppression Hearing, pp. 12–13.)