UNITED STATES of America, Appellee,

v.

Chris KEITHAN, Defendant, Appellant.

No. 84–1260.

United States Court of Appeals, First Circuit.

Argued Oct. 4, 1984.

Decided Dec. 19, 1984.

---

Steven A. Sussman, Boston, Mass., for defendant, appellant.

Maurice R. Flynn, III, Asst. U.S. Atty., Boston, Mass., with whom William F. Weld, U.S. Atty., Boston, Mass., was on brief, for appellee.

Before CAMPBELL, Chief Judge, ALD-RICH and TIMBERS,* Senior Circuit Judges.

TIMBERS, Circuit Judge:

Chris Keithan appeals from a judgment of conviction, entered March 20, 1984 after a jury trial in the District of Massachusetts, convicting her of eight counts of mail fraud and aiding and abetting mail fraud in violation of 18 U.S.C. §§ 1341 and 2 (1982). She was sentenced to fifteen months in prison, of which five months are to be served and the balance of the sentence is to be suspended. She also was ordered placed on probation for three years following her release from prison. Execution of the sentence has been stayed pending appeal. We affirm.

Essentially, the indictment charged that Keithan and codefendant William Burhoe had defrauded numerous elderly people in the sale of insurance policies. Burhoe, who also was convicted in the instant case, withdrew his appeal after being sentenced to three years in prison upon his plea of guilty in a related case. There was evidence from which the jury could have found that Keithan and Burhoe engaged in a variety of fraudulent practices, including acceptance of money meant for insurance premiums and then stealing it; selling insurance in disregard of insurance already in effect; making false claims as to the coverage of specific insurance policies; and continuing to solicit insurance payments after defendants no longer were licensed or after they had been terminated as insurance salesmen.

On appeal, Keithan claims that the district court committed reversible error in its evidentiary rulings in three respects: (1) limiting cross-examination of government witness Richard Keller, (2) allowing the taking and use at trial of videotaped depositions of two other government witnesses, and (3) permitting the government to introduce evidence which it is claimed had not been disclosed to Keithan's counsel prior to its introduction, in violation of the court's pre-trial discovery order. We shall address each of these claims of error seriatim.

(1) *Limitation Of Cross-Examination*

As part of its case in chief, the government called Richard Keller to testify to a conversation he had had with Burhoe in 1983. During this conversation Burhoe explained a plan that he and Keithan had devised, following Keithan's termination by one insurance company, to sell as much insurance as possible; to send the company a worthless check; to keep the premiums for themselves; and then to leave town. Keithan's counsel cross-examined Keller, called his own witness to attack Keller's credibility, and finally recalled Keller on the last day of the trial to question him on the issue of bias.

Keller had been convicted of substantially similar charges as those for which Keithan was being tried. He was released from prison in 1982. While in prison, Keller wrote two letters to a friend, stating his belief that, due to the government's apparent decision to concentrate its resources on "drug cases", others in the insurance fraud racket might escape prosecution. He also expressed his regret at having pled guilty when he did. Keithan's counsel offered these letters as proof of Keller's bias in wanting to see other people go to jail for the crime for which he went to jail. Keithan claims that the district court's exclusion of the letters as irrelevant improperly limited her cross-examination of Keller. We disagree.

It is axiomatic that the trial court is given wide discretion in controlling the scope of cross-examination. Fed.R.Evid. 611(b); *United States v. Goguen*, 723 F.2d 1012, 1019 n. 9 (1st Cir.1983); *United States v. Brown*, 603 F.2d 1022, 1026 (1st Cir.1979). To show an abuse of discretion, a defendant must show that the restrictions imposed upon his cross-examination clearly were or could have been prejudicial. *Harris v. United States*, 367 F.2d 633, 636 (1st Cir.1966), *cert. denied*, 386 U.S. 915

* Of the Second Circuit, by designation.

(1967). *Cf. United States v. Honneus,* 508 F.2d 566, 572 (1st Cir.1974), *cert. denied,* 421 U.S. 948 (1975). There has been no such showing here. As the court here correctly observed, Keller's desire to see other guilty persons convicted is the way every worthwhile citizen would feel. It is difficult to imagine how Keithan was prejudiced by this restriction on the otherwise wide latitude accorded her by the court in cross-examining Keller.

We hold that the court did not abuse its discretion in excluding Keller's letters.

**(2) *Use Of Videotaped Depositions At A Criminal Trial***

Keithan challenges the propriety of taking and allowing the use of videotaped depositions at the trial of this criminal case. Our inquiry with respect to this claim of error is a bifurcated one: the propriety of *taking* the depositions and the propriety of *using* the depositions at trial. *United States v. Mann,* 590 F.2d 361, 365 (1st Cir.1978).

■ Turning first to the propriety of *taking* the depositions in the instant case, Fed.R.Crim.P. 15(a) in relevant part provides:

"Whenever due to exceptional circumstances of the case it is in the interest of justice that the testimony of a prospective witness of a party be taken and preserved for use at trial, the court may upon motion of such party and notice to the parties order that testimony of such witness be taken by deposition...."

The decision whether to grant or deny a motion to take the deposition of a proposed witness for use at a criminal trial is committed to the discretion of the district court. We have held that this discretion is not broad, and should be exercised carefully. *United States v. Mann, supra,* 590 F.2d at 365. In the instant case government witnesses Frank and Hattie Robidoux were of advanced age. They suffered from physical infirmities which prevented them from leaving their home which was sixty miles from the courthouse. Such physical infirmities qualify as "exceptional circum-

stances." *Furlow v. United States,* 644 F.2d 764, 767 (9th Cir.1981). Keithan failed at the time to challenge the witnesses' inability to attend trial. Instead, she based her attack on the availability of alternate government witnesses who *could* attend the trial. We are satisfied, however, that the testimony of the Robidouxs was essential to support the government's claimed fraudulent representations charged in count eight of the indictment. We hold that the court did not abuse its discretion in finding that, due to the "exceptional circumstances" of this case, it was in the "interest of justice" to allow the depositions of these witnesses to be taken.

■ As for the propriety of *using* the depositions in the instant case, Fed.R. Crim.P. 15(e) allows the use of a deposition at trial "so far as otherwise admissible under the rules of evidence, ... if the witness is unavailable, as unavailability is defined in Rule 804(a) of the Federal Rules of Evidence ...." Rule 804(a)(4) defines unavailability of a witness as including inability "to be present or to testify at the hearing because of death or then existing physical or mental illness or infirmity...." Frank Robidoux was eighty-seven years old at the time of trial and suffered from a back condition which prevented him from walking. Hattie Robidoux was eighty-three years old and suffered from a heart condition which confined her to her home. These facts clearly support a finding of unavailability. *Furlow v. United States, supra.* Furthermore, as we have observed, the most important factor to be taken into account in determining whether to allow the use of a deposition at a criminal trial is the defendant's right of confrontation. *United States v. Mann, supra,* 590 F.2d at 366. Here, Keithan and her attorney were present at the taking of the depositions and made full use of the right of cross-examination. Counsel for Keithan suggests in his brief that "the government sought to enhance the dramatic impact of televised testimony of two witnesses, claimed by the government to be too old and infirm to appear in court." We find no

basis in the record for this claim. We are satisfied that the court did not abuse its discretion in allowing the use of the video-taped depositions at the trial. After carefully weighing Keithan's Sixth Amendment rights against the rights of the Robidouxs, we hold that the court properly allowed the use of the depositions at trial.

(3) *Introduction Of Allegedly Late-Disclosed Evidence.*

Finally, Keithan claims as error the government's introduction into evidence of two premium checks which she diverted to her own bank account. Keithan asserts that the checks were not disclosed until the next to the last day of the trial, in violation of the court's pre-trial discovery order under Fed.R.Crim.P. 16. The record, however, shows that one of the checks in fact was available for inspection prior to trial, and the other check was introduced, without objection, on the first day of trial. Not only has Keithan failed to show any deliberate noncompliance on the government's part, but she also has failed to show how the disclosure, occurring when and how it did, significantly altered or otherwise affected defense strategy. As a result, she has failed to demonstrate prejudice, which is a prerequisite to sustaining any attack on a claimed violation of Rule 16. *United States v. Hammer*, 729 F.2d 10, 13 (1st Cir.1984).

Having found all of Keithan's claims to be without merit, we affirm the judgment of the district court. Appellant was convicted after a fair trial on the basis of overwhelming evidence of serious crimes committed over a period of several years. We order that the mandate issue forthwith.

Affirmed.