**Richard J. ODATO, Plaintiff,**

v.

**John VARGO and Fred Molzer, Defendants.**

**Civ. A. No. 84–1505.**

United States District Court, W.D. Pennsylvania.

Jan. 25, 1988.

James R. Cooney, Pittsburgh, Pa., for plaintiff.

Stephen J. Summers, Pittsburgh, Pa., for defendants.

## OPINION

ZIEGLER, District Judge.

Pending before the court is the motion of defendants, John Vargo and Fred Molzer, for judgment notwithstanding the verdict or a new trial. We hold that, viewing the evidence in the light most favorable to the verdict winner, as we must, there is sufficient evidence to support the award of compensatory damages for plaintiff, Richard J. Odato, but there is insufficient evidence of the kind of conduct that may support an award for punitive damages. We will therefore grant the motion for judgment N.O.V. in part. We will deny the motion for a new trial because there is competent evidence, which preponderates, to support the verdict of the jury on the issues of liability and damages, and the ruling of the trial court to admit former testimony under Federal Rule of Evidence 804 was not erroneous.

The instant civil action is a rather typical suit against police officers in which a citizen contends that the arrest was without probable cause but, if that test was met, the officers employed excessive force in effectuating the arrest. Jurisdiction is based on 42 U.S.C. § 1983.

Richard Odato testified that he acted in an orderly and lawful manner following an injury to his dog, while the police officers, who were summoned to the scene, over-reacted and arrested plaintiff for conduct that did not constitute a crime under state law. He further testified that the police officers used excessive force at the scene and in the police car, and that testimony was corroborated in part by a disinterested witness, Karen Bonzer. Finally, Odato presented evidence that criminal charges were filed in violation of the state rules of criminal procedure, and were based upon conduct that was lawful in fact. The jury apparently accepted Odato's version of the events and found for plaintiff on all three theories in answer to special interrogatories.

### I. *Judgment N.O.V.*

■ Defendants contend that the evidence viewed in the light most favorable to Odato fails to establish a violation of federal law. We disagree. The right to be free from an unlawful arrest by a person acting under color of state law is a right secured by the Constitution and laws of the United States. *Henderson v. Fisher*, 631 F.2d 1115 (3d Cir.1980). Freedom from the use of excessive force during an arrest is also a "liberty" guaranteed by the Constitution. *Black v. Stephens*, 662 F.2d 181 (3d Cir. 1981). Finally, a citizen cannot be charged with a crime without adequate cause and this too is a fundamental protection embodied in federal law because such conduct by a police officer "shocks the conscience." *Rochin v. California*, 342 U.S. 165, 172, 72 S.Ct. 205, 209, 96 L.Ed. 183 (1952).

Plaintiff presented evidence that meets the test. While the facts were hotly contested, plaintiff's evidence established that the police officers acted without the bounds of their lawful authority under state law in making the arrest, utilized excessive force in subduing the plaintiff and transporting him to the police station, and filed untimely and unfounded charges. Our role is limited to determining whether the evidence established a federal constitutional violation. We hold that it does.

■ On the other hand, defendants' argument that the jury improperly awarded punitive damages is well founded. While exemplary damages are recoverable in an action under 42 U.S.C. § 1983, *Carey v. Piphus*, 435 U.S. 247, 257, n. 11, 98 S.Ct. 1042, 1049, n. 11, 55 L.Ed.2d 252 (1978), and while the jury rejected the good faith immunity defense of defendants, we do not believe that the Supreme Court would countenance an award of punitive damages on these facts. Punitive damages should be reserved for the exceptional case of intentional, malicious or reckless police conduct.

The evidence in this case was very close and if we were the fact-finder, the verdict would have been otherwise. However, since it was the jury's function to resolve the credibility issues, we are required to determine whether the evidence, viewed in the light most favorable to plaintiff, established intentional or reckless conduct with evil motive, ill-will, spitefulness, harshness, or callous disregard, which must be the basis for an award of punitive damages. *Smith v. Wade*, 461 U.S. 30, 51–56, 103 S.Ct. 1625, 1637–40, 75 L.Ed.2d 632 (1983). We hold that it does not because (1) there is no competent evidence that either police officer engaged in this type of conduct on a previous occasion; (2) their conduct was not sufficiently callous; (3) deterrence is not an issue here, *Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 268–270, 101 S.Ct. 2748, 2760–61, 69 L.Ed.2d 616 (1981); and (4) fundamental constitutional rights will not be denigrated absent an award of exemplary damages. Defendants' motion for judgment N.O.V. will be granted with respect to the award of punitive damages. Defendants' motion will be denied in all other respects.

### II. *Motion for New Trial*

Defendants decry the admission of the former testimony of Deborah Shontz from

the criminal trial of Richard Odato, involving the charges brought by defendants, in the Court of Common Pleas of Allegheny County, Pennsylvania. The evidence was admitted under Federal Rule of Evidence 804(b)(1). Specifically, defendants contend that plaintiff was required to notify them that the witness was unavailable for trial, and that plaintiff's counsel intended to use the transcript of the former testimony. Defendant also argue that the evidence did not qualify as a hearsay exception under Rule 804(b)(1). We disagree.

■ There is no requirement under federal or local rule that a party notify an adversary that a witness has moved from the district. Local Rule 5 II requires plaintiff to supply the names and addresses of all witnesses in a pre-trial statement, and plaintiff complied on April 1, 1985. Miss Shontz moved from this jurisdiction thereafter but there was no duty to notify defendants' counsel of that fact. Moreover, the subpoena power of this court extends only 100 miles, *see* Fed.R.Civ.P. 45(e)(1), and Miss Shontz was beyond the power of this court to summon her, even if plaintiff's counsel had filed a formal motion.[1] Counsel is not required to perform a useless act.

■ We are also satisfied that the testimony of record concerning the present residence of Deborah Shontz, coupled with the side bar representations of an officer of this court, are sufficient to establish that the witness was unavailable for trial in this district, under Rule 804(a)(5), and that counsel made a good faith effort to obtain her attendance.

The admission of the testimony of Shontz from the criminal trial involving Richard Odato was neither erroneous nor unfair to the police officers, and the evidence was not barred by the hearsay rule. Odato was charged with disorderly conduct and criminal mischief and he was found not guilty after a bench trial before Judge Robert Dauer. Those charges were the genesis of the instant action, and the Assistant District Attorney of Allegheny County was afforded the right to "develop the testimony" of Miss Shontz through cross-examination. He apparently declined to do so, but that strategy does not bar former testimony. The testimony was given by a witness at another hearing involving the same incident, at which both sides were represented by counsel, and the police officers had the opportunity and motive to test the credibility of Deborah Shontz by cross-examination. We hold that the evidence meets the test of Rule 804(b)(1) and there was no surprise, prejudice or unfairness to defendants. *Carpenter v. Dizio,* 506 F.Supp. 1117, 1123–1124 (E.D.Pa.1981); *cf. Zenith Radio Corp. v. Matsushita Elec. Co.,* 505 F.Supp. 1190, 1252–1255 (E.D.Pa.1980); *Lloyd v. Amer. Export Lines, Inc.,* 580 F.2d 1179 (3d Cir.), *cert. denied,* 439 U.S. 969, 99 S.Ct. 461, 58 L.Ed.2d 428 (1978).[2]

■ Defendants next contend that the verdict was excessive. We disagree. There is evidence to support the jury's finding that a citizen was arrested without probable cause with neighbors present, assaulted at the scene, subjected to excessive force in a police car, and suffered injuries that required medical attention. Plaintiff also was required, according to the evidence, to pay counsel fees to defend the state court criminal charges. Actual damages totalled $1,364.00.

We cannot say that the award of $13,000 for compensatory damages against Officer Vargo, or the award of $8,000 against Officer Molzer, is shocking or unreasonable under the circumstances. Plaintiff presented evidence of pain, suffering and inconvenience, damage to his reputation, personal humiliation and mental anguish. The jury properly distinguished between the relative culpability of defendants and

---

1. Defendants citation to *United States v. Vasquez–Ramirez,* 629 F.2d 1295 (9th Cir.1980) is misplaced. The Federal Rules of Criminal Procedure authorize the service of a subpoena anywhere in the United States, *see* Fed.R.Crim.P. 17(e)(1), but those rules have no application to this case.

2. We note that the testimony related only to the excessive force theory of liability, while the jury found defendants liable on three distinct theories. We also find that the evidence was cumulative and therefore does not serve as a basis for a new trial.

we hold that that award is not "so grossly excessive as to shock the judicial conscience." *Black v. Stephens*, 662 F.2d 181, 192 (3d Cir.1981), *cert. denied*, 455 U.S. 1008, 102 S.Ct. 1646, 71 L.Ed.2d 876 (1982).

Defendants' motion for a new trial will be denied.