The UNITED STATES of
America, Plaintiff,

v.

Louis LAYMON, Jr., Defendant.

No. 89–CR–113.

United States District Court,
D. Colorado.

Sept. 15, 1989.

Daniel Cassidy, Denver, Colo., for plaintiff.

David A. Lane, Denver, Colo., for defendant.

## MEMORANDUM OPINION AND ORDER

CARRIGAN, District Judge.

Defendant Louis Laymon, Jr. has filed a Motion to Depose Witnesses Pursuant to Rule 15 of the Federal Rules of Criminal Procedure. The motion has been heard and is ripe for decision.

The defendant stands charged with violations of 21 U.S.C. Section 841(a)(1) and (b), 21 U.S.C. Section 846, and 18 U.S.C. Section 2. These charges resulted from an Eagle County deputy sheriff's highway stop of an automobile carrying the defendant and a former co-defendant, Alvin Riley. The deputy sheriff allegedly obtained a written consent from Mr. Laymon to search his vehicle. That search led to discovery of cocaine, a controlled substance.

Defendant has moved to suppress physical evidence and statements, alleging that the deputy violated his Fourth Amendment rights by making a pretextual stop. Defendant argues that the stop was precipitated by the fact that he and Riley are Black, and the fact that their vehicle bore California license plates. Further the defendant has alleged that the officer's search exceeded the consent given.

Defendant asserts that at the suppression hearing he will prove that the deputy sheriff involved had an established pattern and practice of making pretextual stops of cars with out-of-state license plates driven by Blacks, in order to search for drugs. He asserts that it is necessary to call, at the suppression hearing, other out-of-state drivers who were allegedly the victims of similar pretextual stops and searches by the same deputy.

By the instant motion the defendant seeks pursuant to Rule 17, Fed.R.Crim.P., to subpoena twelve such witnesses to the suppression hearing. In an *ex parte* hearing, this court determined that the proffered testimony is relevant and admissible under Rules 404(b) and 406, Fed.R.Evid. At that hearing defense counsel indicated that eight of the witnesses are located in Southern California.

I suggested to both counsel that the interests of justice and economy could best be served by deposing the eight California witnesses on video tape pursuant to Rule 15, Fed.R.Crim.P. This court could then view the video tape at the suppression hearing.

■ Video tape depositions are preferable to typewritten transcribed depositions because they allow the court, as trier of fact for purposes of the suppression hearing, to evaluate the witnesses' credibility. Since the defendant is indigent and defense counsel is appointed, the government must bear the expense of either bringing these eight necessary witnesses to the hearing in Denver, or of deposing them. Rule 15(c), Fed.R.Crim.P.

■ It is within the sound discretion of the trial court to order depositions if exceptional circumstances exist and it would serve the interests of justice. *See United States v. Keithan*, 751 F.2d 9, 12 (1st Cir. 1984); *See also, United States v. Richardson*, 588 F.2d 1235, 1241 (9th Cir.1978), *cert denied* 440 U.S. 947, 99 S.Ct. 1426, 59 L.Ed.2d 636, rehearing denied, 441 U.S. 937, 99 S.Ct. 2064, 60 L.Ed.2d 667, (1979).

■ The 1975 amendment to rule 15 emphasizes that the trial court is to exercise discretion in determining whether "exceptional circumstances" exist. *See United States v. Ismaili*, 828 F.2d 153, 159 (3d Cir.1987), *cert. denied* 485 U.S. 935, 108 S.Ct. 1110, 99 L.Ed.2d 271 (1988). The exercise of this discretion will not be overturned absent a clear abuse of that discretion. *See United States v. Johnpoll*, 739 F.2d 702, 708 (2d Cir.) *cert. denied*, 469 U.S. 1075, 105 S.Ct. 571, 83 L.Ed.2d 511 (1984).

■ In this instance, it is the defendant who has moved to depose *defense* witnesses. This is not an attempt by the defendant to depose the adverse party's witnesses. As such, the rule is clearly not being abused as a discovery tool. *Cf. United States v. Carrigan*, 804 F.2d 599 (10th Cir.1986). Furthermore, these video-taped depositions will be introduced only for purposes of the suppression hearing. Rule

15(e), Fed.R.Crim.P. expressly provides for use of deposition testimony not only at trial but also "upon any hearing."

I find that far less government funds would be spent if defense counsel and the prosecutor travel to California and depose the eight witnesses at one location there, with the services of a California court reporter, than if all eight witnesses were transported to Denver for the hearing and provided meals and lodging while here. If the Assistant United States Attorney assigned to the case prefers not to travel to the deposition site, even more savings could be achieved by designating a federal prosecutor from the appropriate California district to represent the government. Of course, the government is not required to attend the depositions at all if it so chooses.

Defense counsel favors the video-tape depositions. Government counsel, however, opposes invoking Rule 15 for the stated reason of insufficient funds to transport an Assistant United States Attorney to Southern California. The Government, however, has conceded that nothing prevents an attorney from the Los Angeles United States Attorney's staff from representing it. Furthermore, the government has asserted no claim of prejudice to its case if video tape depositions are ordered.

Because of the exceptional circumstance that eight necessary witnesses all live in Southern California, I find and conclude that it is in the interest of justice to invoke Rule 15. The testimony to be given by these witnesses may be extensive and may last several days. I find that it would waste scarce public funds to bring eight witnesses to Denver, when counsel for both parties can easily, and far less expensively, travel to the locale of the witnesses. I conclude that the government will not be in any way prejudiced in that the government may have counsel present to cross-examine all defense witnesses.

Defense counsel has indicated that the defendant will waive in writing any rights he might have to attend the depositions. *See* Rule 15(b), Fed.R.Crim.P. I find and conclude that the defendant will not be prejudiced because he will see and hear the video-taped deposition at the hearing in open court.

It is, therefore, the finding and conclusion of this court that exceptional circumstances exist and the interests of justice warrant invoking the procedures set forth in Rule 15, Fed.R.Crim.P.

It is ordered:

(1) that video tape depositions of the eight witnesses in question shall be taken in Los Angeles, California, at a time and place mutually convenient to counsel for the parties;

(2) That defense counsel shall notify the plaintiff's counsel as soon as practicable of the names, addresses and telephone numbers of the eight witnesses to be deposed;

(3) That pursuant to Rule 15(c), since the defendant is indigent, the reasonable costs and expenses of taking the depositions, including defense counsel's travel and subsistence, the video-tapes, and reporter's services and expenses, and a copy of the transcript for use in preparation, shall be paid by the government.