**UNITED STATES of America**

v.

**John McLAUGHLIN.**

**Crim. No. 91–10169–H.**

United States District Court,
D. Massachusetts.

July 12, 1991.

Asst. U.S. Atty. Ted Merritt, Boston, Mass., for U.S.

Walter Prince, Boston, Mass., for McLaughlin.

ORDER ON DEFENDANT'S MOTION FOR LEAVE TO TAKE DEPOSITIONS PURSUANT TO RULE 15 OF THE FEDERAL RULES OF CRIMINAL PROCEDURE AND MOTION FOR EXPENSES TO CONDUCT DEPOSITIONS

LAWRENCE P. COHEN, United States Magistrate Judge.

After hearing, and upon review of the relevant pleadings, including the memoranda filed by all parties, it is hereby ordered as follows:

■ 1. The Defendant's Motion for Taking Depositions Pursuant to Rule 15 of the Federal Rules of Criminal Procedure, filed July 9, 1991, is allowed. There is no question that, in the unique circumstances of this case, the testimony sought is material. The record evidence before this court indicates that the defendant—when initially brought before this court, some fourteen days, more or less, after the occurrence of the alleged offense—appeared to be suffering from a mental disease or defect, and that an insanity defense is more likely than not.[1]

■ Materiality, of course, is not enough under Rule 15(a), F.R.Crim.P., and 18 U.S.C. § 3503. Depositions under those provisions, at the instance of a defendant, should only be allowed in exceptional circumstances. *E.g., United States v. Mann,* 590 F.2d 361, 365 (1st Cir.1978); *United States v. Keithan,* 751 F.2d 9, 12 (1st Cir. 1984). In the circumstances of this particular case, however, this court further finds that this an exceptional case warranting the taking of depositions.[2] The defendant is charged with having stabbed a fellow crew member aboard the LNG Capricorn while that vessel was on the high seas— that is, near Malaysia. Although each of the crew members sought to be deposed are American citizens, they are seafarers who are about to be discharged from that vessel when that vessel next ports in Osaka, Japan.[3] They may well return to the United States, but, then again, they may well not.[4] Moreover, there are temporal considerations. To the experts—the psychiatrists—involved in opining on matters of sanity *vel non,* what was said, how it was said, the accompanying gestures, are all grist for the psychiatric cauldron. Memories as to this sort of minutia may

---

1. This finding was made in the context of a detention hearing, and was and is limited solely to that context. Nothing herein suggests that this court concludes that the defendant will prevail in an affirmative defense of insanity within the meaning of 18 U.S.C. § 17. That is a matter left for another day. But the record evidence to date clearly shows that defendant does not intend to engage in a fishing expedition in this unique and particular case.

2. The motion is limited to, and this order is limited to, the *taking* of depositions. Nothing contained in this order shall be construed as any sort of determination that those depositions shall be admissible at trial—particularly if those witnesses are "available" at the time of trial.

3. That vessel does not port in the United States.

4. Upon discharge, the Captain of the disembarking crew members will be provided transportation to their respective homes in the United States. Those crew members are not, however, required to return to the United States. Nothing would prevent them, for example, from engaging their services with another vessel in that port. That is, after all, the lot of the seafarers.

The owners of the LNG Capricorn have indicated that they will do all in their power to make those crew members available at trial. And this court does not gainsay the sincerity of those owners. But the long and short of the matter is that the owners, their good intentions notwithstanding, cannot ensure the presence of those crew members.

well dim at the time of trial—and, more importantly, it is the sort of material which must be obtained well in advance of trial so that defendant's experts may use it in a meaningful way to prepare an appropriate opinion. Although the attorney for the government in this case has demonstrated remarkable cooperation, making all witness statements available even in the absence of a court order, the fact of the matter is— and quite understandably so—that those witness statements simply do not focus on minutia of that which goes towards an affirmative insanity defense.

So as to prevent those depositions from being used improperly as a pure discovery device, however, *see United States v. Mann, supra,* and *United States v. Keithan, supra,* the scope of those depositions shall be limited. That is to say, those depositions shall be limited to matters concerning the defendant's apparent mental state—indicated by this utterances, his gestures, his demeanor, and other indicia of his mental state—prior and subsequent to the alleged commission of the offense charged—and shall not include inquiry into matters which those witnesses would be expected to testify to if called at trial [5] by the government.[6]

*Provided,* however, that nothing contained herein shall be construed as precluding the attorney for the government from examining the particular witness as to all matters—for purposes of completeness—in which case, counsel for the defendant shall be permitted to re-direct that witness concerning matters brought out by the attorney for the government.

■ The Defendant's Motion for Taking Depositions Pursuant to Rule 15 of the Federal Rules of Criminal Procedure, filed July 9, 1991, is accordingly allowed to the extent set forth above.[7]

■ 2. The defendant's Motion for Expenses to Conduct Depositions, filed July 9, 1991, is allowed. Pursuant to the provisions of Rule 15(c), F.R.Crim.P., and 18 U.S.C. § 3503, this court having previously concluded that the defendant is indigent and unable to bear the expense of representation, the reasonable expenses of travel and subsistence of the defendant's attorney for attendance at the examinations, and the cost of the transcription and transcript of those depositions, shall be paid by the government.[8]

---

**5.** It may well be that some—but certainly not all—of the witnesses sought to be deposed will, in fact, be called by the government. In some circumstances, it has been held that defendants may *not* depose those persons who will be called as witnesses by the government. *See In re United States,* 348 F.2d 624, 625 (1st Cir. 1965). This case differs in two respects. First, although the government may well intend to call these witnesses at trial, and this court does not gainsay the intentions of the attorney for the government in that respect, the government cannot—for the reasons set forth *supra*—fully ensure that those witnesses will be available even at the government's request. That, again, depends on the vagaries of those who normally go down to sea in ships. Moreover, this order specifically precludes the taking of depositions as a pure discovery device—*i.e.,* simply for the purpose of determining what a government witness might testify to at trial.

**6.** This limitation should not, however, be construed to preclude counsel for defendant from eliciting information, if any such information exists, concerning defendant's utterances and/or other indicia of his mental state, during the actual commission of the alleged offense.

**7.** This order is effective immediately and shall *not* be stayed pending appeal or motion for reconsideration, if any. See Rule 2(c) of the Rules for United States Magistrates in the United States District Court for the District of Massachusetts. The reason this court has exercised discretion in not granting a stay is based on the fact that the proposed deponents will be discharged from the vessel on July 24, 1991—some twelve days from today. In the event that those deponents are discharged before the taking of the depositions, the relief ordered herein would be frustrated—if not eliminated—by the mere passage of time.

**8.** Rule 15(c) and 18 U.S.C. § 3503(c) contemplate that the defendant himself may be present at the depositions, and that the expenses for that attendance shall also be paid by the government.

In this case, the defendant has knowingly, voluntarily, and intelligently waived his right to

be present in open court after explanation of his right to be present. To the extent that defendant seeks to depose the witnesses *vis a vis* his affirmative defense of insanity, those witnesses are his witnesses, and it does not appear that the confrontation clause comes into play. In any event, this court concludes that a defendant may knowingly, voluntarily, and intelligently waive his right to be present at depositions taken under Rule 15(a) and 18 U.S.C. § 3503(a).

See *United States v. Lewis*, 460 F.2d 257, 258 (9th Cir.1972).