**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Alejandro Fidel ISLAS, Defendant–Appellant.**

No. 06–50650.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 9, 2007.*

Filed Jan. 30, 2008.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Randy K. Jones, Esq., Roger W. Haines, Jr., Esq., USSD–Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

** The Honorable Suzanne B. Conlon, Senior United States District Judge for the Northern District of Illinois, sitting by designation.

Roseline Dergregorian Feral, Esq., San Diego, CA, for Defendant–Appellant.

Before: PAEZ and RAWLINSON, Circuit Judges, and CONLON,** District Judge.

### MEMORANDUM ***

Alejandro Fidel Islas appeals his conviction and sentence for bringing an alien into the United States, in violation of 8 U.S.C. § 1324(a)(2)(B)(ii) and (iii) and 18 U.S.C. § 2. This court has jurisdiction under 28 U.S.C. § 1291. The district court's ruling that a material witness was unavailable under Fed.R.Evid. 804(a)(5) is reviewed for abuse of discretion. *See United States v. Yida,* 498 F.3d 945, 958–61 (9th Cir. 2007). The admission of the material witness' deposition is reviewed *de novo. United States v. Nielsen,* 371 F.3d 574, 581 (9th Cir.2004); *see also United States v. Provencio,* 554 F.2d 361, 363 (9th Cir. 1977). The district court's factual findings in calculating the advisory sentencing guidelines are subject to the clear error standard. *United States v. Mohamed,* 459 F.3d 979, 985 (9th Cir.2006).

■ The district court did not abuse its discretion in finding the government acted reasonably and in good faith in attempting to secure the presence of the material witness. *See Yida,* 498 F.3d at 957–58. A trial subpoena was served two weeks before trial, the government obtained a court order for her videotaped deposition, Islas did not object to the witness' release from

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

custody and her return to Mexico, defense counsel maintained contact with the witness' attorney, and the government reasonably attempted to locate the witness when she failed to appear at trial.

■ The district court did not err in permitting the government to present the material witness' testimony in an edited English transcript instead of the unedited Spanish videotape. Islas' attorney participated in editing objectionable material from the transcript and agreed to its presentation to the jury. Islas did not personally object until the close of the government's case when the deposition was about to be read. More importantly, defense counsel's thorough cross-examination and impeachment of the witness was also read to the jury. Islas does not contend that the witness' demeanor in the videotape would have affected her credibility. Sixth Amendment rights were not implicated. Islas' argument that 8 U.S.C. § 1324(d) required the use of the videotape is contrary to the discretionary language of the statute.

■ The evidence against Islas was overwhelming without the deposition: he was stopped at the border with a concealed alien, photographs displayed the alien in the concealed compartment, Islas initially lied to a border officer about the purpose of his trip to Mexico, and he voluntarily incriminated himself in statements he has never challenged. Any arguable error in admitting the transcript was harmless beyond a reasonable doubt. *United States v. Bowman,* 215 F.3d 951, 961 (9th Cir.2000).

■ Application of a sentencing guideline enhancement for recklessly creating a substantial risk of death or serious bodily injury was not clear error. The record supports the district court's finding the alien was concealed in a "moving coffin" so small she had to twist her body and

could not extricate herself without assistance. She was in peril in the event of prolonged confinement or an accident. Given these aggravating circumstances and Islas' prior conviction for similar conduct, imposition of a 63–month sentence was not unreasonable. 18 U.S.C. § 3553(a).

**AFFIRMED.**