**UNITED STATES of America,**
**Plaintiff–Appellee,**

**v.**

**Juan GARCIA–JARAMILLO,**
**Defendant–Appellant.**

No. 06–10184.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 8, 2007.

Filed Feb. 13, 2008.

Bruce M. Ferg, Esq., Office of the U.S. Attorney, Tucson, AZ, for Plaintiff–Appellee.

Thomas E. Higgins, Jr., Esq., Law Offices of Thomas E. Higgins Jr., Tucson, AZ, for Defendant–Appellant.

668

Before: SCHROEDER, Chief Judge, BYBEE, Circuit Judge, and WU *, District Judge.

MEMORANDUM **

Juan Garcia–Jaramillo appeals from his convictions under 8 U.S.C. § 1324(a)(1)(A)(i) and (a)(1)(A)(v)(i) for conspiracy to bring in illegal aliens; § 1324(a)(1)(A)(ii) and (a)(1)(B)(i) for transportation of an illegal alien for commercial advantage or private financial gain; and § 1324(a)(1)(A)(iii) and (a)(1)(B)(i) for harboring an illegal alien for commercial advantage or private financial gain. He contends that the district court erred by admitting identification evidence that was impermissibly suggestive, denying his motion for acquittal as to the financial-gain element of his charges, and failing to consider all necessary factors during sentencing. He also contends that he received ineffective assistance of counsel at trial.

■ Garcia–Jaramillo did not file a pretrial motion to suppress the identification evidence. His claim is therefore waived. *See* Fed.R.Crim.P. 12(b)(3), (e); *Doganiere v. United States,* 914 F.2d 165, 167 (9th Cir.1990). Even if he had objected, the photographic array was not impermissibly suggestive, *see, e.g., United States v. Burdeau,* 168 F.3d 352, 357–58 (9th Cir.1999), and all of the identification evidence was sufficiently reliable to overcome any possible suggestiveness, *see United States v. Love,* 746 F.2d 477, 478 (9th Cir.1984) (per curiam) (citing *Manson v. Brathwaite,* 432 U.S. 98, 107, 97 S.Ct. 2243, 53 L.Ed.2d 140 (1977); *Neil v. Biggers,* 409 U.S. 188, 199–200, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972)).

On review of a denial of a motion for judgment of acquittal on the basis of insufficient evidence, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). The testimony of the government's material witnesses and expert witness provided sufficient evidence to support the jury's guilty verdict on the financial-gain element of the charges.

This court reviews claims of sentencing error under a plain-error standard when, as here, the defendant did not object at sentencing. *United States v. Knows His Gun,* 438 F.3d 913, 918 (9th Cir.2006), *cert. denied,* 547 U.S. 1214, 126 S.Ct. 2913, 165 L.Ed.2d 931 (2006). The district judge properly considered the factors under 18 U.S.C. § 3553(a), and the sentence imposed was reasonable. *See United States v. Perez–Perez,* 512 F.3d 514, 515–16 (9th Cir.2008); *United States v. Mix,* 457 F.3d 906, 912–13 (9th Cir.2006).

■ Garcia–Jaramillo's brief suggests that he may object for the first time in this appeal that his right to confrontation of the material witnesses has been violated. However, Garcia–Jaramillo's attorney attended the depositions of the material witnesses and cross-examined the witnesses. Garcia–Jaramillo then consented to the release of the witnesses to the INS, knowing that there is a statute that makes the

* The Honorable George H. Wu, United States District Judge for the Central District of California, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

deposition testimony admissible after deportation. He makes no identifiable or logical argument to support a position that the rights have not been waived. *Cf. United States v. Lewis,* 460 F.2d 257, 258 (9th Cir.1972).

Finally, Garcia–Jaramillo's claim of ineffective assistance of counsel is inappropriate for review on direct appeal. *See United States v. Robinson,* 967 F.2d 287, 290–91 (9th Cir.1992).

The conviction and sentence are AFFIRMED.