## UNITED STATES v. FOSTER et al.
### (two cases).

United States District Court
S. D. New York.
Nov. 22, 1948.

See also 81 F.Supp. 280.

John F. X. McGohey, U. S. Atty., of New York City, (John F. X. McGohey, U. S. Atty., and Frank H. Gordon, Spec. Asst. to U. S. Atty., both of New York City, and Irving S. Shapiro, Sp. Asst. to U. S. Atty., of Washington, D. C., Edward C. Wallace, Sp. Asst. to Atty. Gen., and Lawrence K. Bailey, Atty., Department of Justice, of Washington, D. C., of counsel), for the Government.

Unger, Freedman & Fleischer, of New York City (Abraham Unger, of New York City, of counsel), for all defendants except Gates, Dennis, and Williamson.

Harry Sacher, of New York City, for defendant John Gates.

Abraham J. Isserman, of New York City, for defendant John B. Williamson.

Louis F. McCabe, of Philadelphia, Pa.. for defendant Eugene Dennis.

Richard Gladstein, of San Francisco, Cal., Co-counsel for defendant Robert G. Thompson.

George W. Crockett, Jr., of Detroit, Mich., Co-counsel for defendant Carl Winter.

MEDINA, District Judge.

Defendants have moved for a continuance of not less than ninety days on the grounds that: (1) Because of what is claimed to be a concerted campaign of adverse publicity, the community at large is inflamed against defendants to such an extent that a trial at the present time would prejudice the rights of defendants, deprive them of a fair and impartial trial and infringe their constitutional rights in violation of the Fifth and Sixth Amendments; (2) they have had insufficient opportunity to prepare for trial; and (3) because of the illness of defendant William Z. Foster it would be prejudicial to the defendants to try the case now.

An examination of the docket entries in this case will provide a background against which may be considered the application for a continuance of several months for the purpose of preparing for trial. The conspiracy and other indictments were filed on July 20, 1948, and at the time of arraignment of some of the defendants on that day and at the subsequent arraignment of the others, August 23 was fixed as the date for motions; on August 16 defendants moved for a ninety-day extension of time within which to make their motions, and an extension to September 27 was granted. On August 23 the case was called for the purpose of fixing a date for trial. After considerable discussion October 15 was set as the date of trial, with the understanding that the trial would not actually commence on that day if any of defendants' proposed motions then remained undetermined. In the course of the proceedings on August 23, counsel for defendants moved to strike the case from the trial calendar and this motion was denied. On September 20 the time within which to make motions was extended to October 4. Finally, on October 6, 7 and 8 argument was had before Judge Hulbert on defendants' motions for a bill of particulars, for a dismissal of the indictments on constitutional grounds and for a dismissal of the indictments on the further and separate grounds that the evidence before the Grand Jury was insufficient to support the charge, that undue and unlawful influence and pressure had been exerted on the Grand Jury and that there had been a systematic exclusion from the Grand Jury of people of the working class and members of the colored race. At the same time the motion of the government for consolidation of the indictments came on for hearing and was argued. On October 15, when the case was called for trial, these motions were pending undetermined. The trial was, therefore, postponed until November 1. All these motions were denied on October 22.

On November 1, when the case was again called for trial, defendants moved for a reconsideration and rehearing of the motion for a bill of particulars. Defendant Foster did not appear, but his counsel introduced a letter from his physician to the effect that he was too ill to undergo a trial. The court said it would have disinterested physicians examine him. Pending determination of the motion for rehearing and the examination of the defendant Foster, the trial date was set for November 15. Defendants announced they would move for a lengthy continuance. The court set this motion down for hearing on November 8. On November 3, the motion for reconsideration and rehearing of the motion for a bill of particulars was denied.

On November 5, an affidavit of prejudice was received and on the same day stricken as insufficient in law. On November 8, mandamus proceedings were commenced in the Court of Appeals for the Second Circuit which refused a stay, heard argument on November 10, and on November 12, denied the mandamus.

On November 8, the motion for a continuance now under consideration was argued for the greater part of the day. Decision was reserved. On November 12, further argument was had on the motion for a continuance. The trial was ordered postponed beyond November 15 on the bas--

is of the doctors' reports on the physical condition of the defendant Foster, but no new date for trial was fixed. On November 15 defendants filed a challenge to the array and a motion "to quash and dismiss the entire panel, venire and jury list." This was withdrawn on November 16. On November 17, the trial date was set for January 17, 1949, pending the formulation of this opinion in which the various phases of the application for continuance should be more precisely determined.

The conspiracy indictment charges that defendants conspired with each other and with divers other persons to the Grand Jurors unknown: "to organize as the Communist Party of the United States of America a society, group, and assembly of persons who teach and advocate the overthrow and destruction of the Government of the United States by force and violence, and knowingly and wilfully to advocate and teach the duty and necessity of overthrowing and destroying the Government of the United States by force and violence, which said acts are prohibited by Section 2 of the Act of June 28, 1940, section 10, Title 18, United States Code [now 18 U.S.C.A. § 2385], commonly known as the Smith Act."

■ It is stated by Abraham Unger, of counsel for certain of the defendants, in his affidavit sworn to November 5, 1948, that from the date of the indictments to the date of his affidavit "the defendants and their counsel have been involved in the preparation of the defense of this case." They now have the further period of two additional months to pursue and complete their preparation. Under these circumstances it is impossible to find that the case is being "stampeded" and "rushed through before a jury," as is claimed. On the contrary, defendants will have had ample and adequate opportunity to prepare their defense, especially as each of them must have personal knowledge of his own acts and conduct.

■ After hearing lengthy argument by counsel as above stated and after a careful scrutiny of the affidavits (including the supplemental affidavits and the exhibits submitted therewith and the affidavits submitted to Judge Hulbert in connection with the motions attacking the indictment, for bills of particulars and other relief) and the mass of documentary material submitted, including pamphlets, so-called comics and cartoons, newspaper clippings, radio scripts, news letters, political speeches, various miscellanea and the indicated portion of the book entitled "The Legacy of Sacco and Vanzetti" by G. Louis Joughin and Edmund M. Morgan, I have concluded that there is no such inflamed and prejudiced state of public opinion as would prevent a fair and impartial trial or deprive defendants of any of their constitutional rights. These affidavits and exhibits indicate hostility toward Communism, but make little mention of defendants personally. There has been no outburst of popular feeling against them here. The only crowds before the courthouse, when they have appeared, have been picket lines which those who sympathize with them have formed. There have been no demonstrations or attempted demonstrations against them in the courtroom. Impartial juries have been selected on other occasions when the questions involved touched alleged offenses no less vital to the safety and integrity of the government and there seems nothing to justify the view that the same course may not be followed now in this case.

■ The claim that the Department of Justice and other government officials and agencies have engaged in a deliberate campaign of abuse and propaganda for the purpose of prejudicing the people of the United States against the defendants and compassing their conviction is equally unfounded. This charge is emphatically and categorically denied. I find the evidence wholly insufficient to support it. Nor do I find the evidence sufficient to establish that there is any such deliberate and concerted campaign of abuse and propaganda by others than departments, officials and agencies of the government.

■ The reports of Dr. Cary Eggleston and Dr. Henry Alsop Riley have led me to determine that defendant Foster should not now be subjected to the rigors and excitement necessarily attendant upon his presence at a prolonged criminal trial where his liberty is at stake.

United States Attorney John F. X. Mc-Gohey has stated that he will be prepared to proceed with the trial on January 17, 1949, "with or without Foster." The reports of the doctors above referred to indicate that Foster's condition has improved and he appears to have suffered no ill effects from the examination by the doctors and such conferences as he has had with counsel and certain of the other defendants as indicated in the various affidavits submitted to me.

While I do not desire to anticipate what may or may not come before me, I wish to make it clear that any application for the taking of Foster's deposition should be made promptly. Final determination of the question of severance as to Foster will also be made at such time as the matter is presented to me for decision. The trial will proceed on January 17, 1949. In all other respects the motion is denied.

 The exhibits submitted by defendants may be temporarily returned to them by the Clerk for the making of photostatic copies, as requested by counsel.

Settle order on notice.