**UNITED STATES of America,**

v.

**Hector ACEVEDO–RAMOS, et al., Defendants.**

**Cr. No. 84–373 HL.**

United States District Court, D. Puerto Rico.

March 26, 1985.

Luis F. Abreu Elias, Hato Rey, P.R., William M. Kunstler, Ronald L. Kuby, New York City, for defendants.

H. Manuel Hernandez, Asst. U.S. Atty., Hato Rey, P.R., for the U.S.

ORDER

LAFFITTE, District Judge.

The Government has moved this Court, pursuant to F.R.Cr.P. 15(a), for an order to take the preservatory deposition by videotape of Abimael Colón-Cruz, who was indicted along with the other defendants in this case. In support of its claim that there are extraordinary circumstances that in the interest of justice require the taking of Colón-Cruz' deposition, the Government submits that said co-defendant (1) is presently incarcerated at the Worcester County Jail, West Boylston, Massachusetts, awaiting trial on the charge of first degree murder in the shooting death of Trooper George L. Hanna, in the case entitled *Commonwealth of Massachusetts v. Abimael Colón-Cruz*, No. 83–103030; (2) that said trial is presently scheduled to begin immediately following the case of a co-defendant, José Aníbal Colón, set for March 25, 1985; (3) that Colón-Cruz' trial will commence sometime between April 15, 1985 and May 1st, 1985; and (4) that the Commonwealth of Massachusetts will not release the person of Abimael Colón-Cruz until such time as his trial has been completed. See affidavit of Louis P. Aloise, Assistant District Attorney for the Middle District, Worcester County, Massachusetts.

The Government further asserts that Colón-Cruz made a full confession to the FBI and indicated his willingness to cooperate and testify at trial. His willingness to testify was confirmed by the Assistant U.S. Attorney on March 12, 1985. The motion for the taking of Colón-Cruz' deposition was filed on March 19, 1985. The Government further adduces that Colón-Cruz' testimony is extremely important and material to its case, since he participated in both the planning of the robbery and in the disposal of the diamonds. Finally, the Government requests that because of the nature of this case, the deposition be taken in the presence of this Court.

Defendants Héctor Acevedo Ramos [1] and Ismael Tarrido Torres have opposed the

---

**1.** The other defendants have assented to the opposition filed by Acevedo Ramos.

Government's motion on the grounds that it is difficult for defendants to afford the expenses to travel to Massachusetts; that the Government has failed to establish exceptional circumstances, and that the Commonwealth of Massachusetts has not informed this Court that it will not comply with a Habeas Corpus Ad Testificandum.

This last objection is not supported by the record. The Commonwealth of Massachusetts has expressly indicated that it will not release Colón-Cruz until completion of his trial. A person who has violated the criminal statutes of both the Federal and State Governments may not challenge the order in which he is tried or punished for said offenses. *Gunton v. Squier*, 185 F.2d 470, 471 (9th Cir.1950). Furthermore, the determination of custody between State and Federal governments is a matter of comity to be resolved by the executive branches of each sovereign. *Hernandez v. United States Atty. Gen.*, 689 F.2d 915, 917 (10th Cir.1982).

Defendant Ismael Tarrido Torres further alleges, in opposition, that he is also a defendant in Criminal Case No. 84–229 before Judge Jaime Pieras, scheduled for trial on March 28, 1985. Consequently, Tarrido argues, he will not be able to appear at Colón-Cruz' deposition in violation of his confrontation rights.

We start with the proposition that under F.R.Cr.P. 15(a) the propriety of taking a deposition and the matter of using the deposition at trial must be examined from different perspectives. *U.S. v. Keithan*, 751 F.2d 9 (1st Cir.1984). "The decision whether to grant or deny a motion to take the deposition of a proposed witness for use at a criminal trial is committed to the discretion of the district court. We have held that this discretion is not broad, and should be exercised carefully." *U.S. v. Keithan*, 751 F.2d at p. 12, citing *United States v. Mann*, 590 F.2d 361, 365 (1st Cir.1978).

Colón-Cruz' detention by the Massachusetts authorities on a murder charge to be tried on or about the second week of April, 1985, the reluctance of the Common-

wealth of Massachusetts to release Colón-Cruz until such time as his impending trial has been completed, and Colón-Cruz' decision to cooperate and testify for the Government at the trial of this case scheduled for April 9, 1985, constitute "exceptional circumstances" of this case that allow the deposition of Colón-Cruz "in the interest of justice."

Regarding the use of the deposition at trial, the Court shall defer ruling until trial. Rule 15(e).

Contrary to defendants' allegations, the Court finds that there was no delay in the filing of the motion. Rule 15 is silent as to the time for filing the motion. However, it should be made promptly, *U.S. v. Foster*, 81 F.Supp. 281, 284 (D.C.N.Y. 1948), and its filing should not delay the trial. The Government confirmed Colón-Cruz' willingness to testify on March 12, 1985. The motion was filed on March 19, 1985. The trial date is April 9, 1985, and defendants were afforded time to respond and oppose the motion. Because the Court finds that the deposition will not delay trial and was timely filed, defendants' objections in this connection are hereby DENIED.

Defendant Acevedo claims that one of his three retained counsel, Mr. Abreu, will not be able to attend the deposition because of his participation in Criminal Case No. 84–229 before Judge Pieras. But, defendant Acevedo has also retained Messrs. Kuntsler and Kuby, who reside in the mainland and can easily make the necessary arrangements to attend the deposition in Boston, Massachusetts.

As to defendant Ismael Tarrido Torres, also a defendant in the pending case before Judge Pieras, the right-to-confrontation issue is avoided by ordering, as it is hereby ordered, the severance of his case. F.R. Cr.P. 14.

Defendants' concern relative to the payment of expenses is covered by Rule 15. As to defendant Acevedo, who is in custody, the officer having custody of said defendant shall be notified of the time and place set for the deposition and shall, un-

less defendant waives in writing the right to attend, produce him at the deposition. F.R.Cr.P. 15(b). The Government shall bear the expenses of travel and subsistence to *one* of defendant Acevedo's counsel. Likewise, as to the remainder defendants, the Government shall bear the expenses of travel and subsistence to each of said defendants and their respective attorneys, limited to one attorney per defendant, but excluding defendant Tarrido, whose case has been severed.

In line with the foregoing, the Government's motion to take Colón-Cruz' deposition pursuant to F.R.Cr.P. 15(a) is hereby GRANTED.

WHEREFORE, Abimael Colón-Cruz' deposition shall be taken before the undersigned Judge at the United States Courthouse, John W. McCormack Building, Boston, Massachusetts, on April 5, 1985, at 9:00 A.M., subject to the following conditions:

1. The deposition is to be recorded on videotape and by stenographic means.

2. The cost for the arrangements for the videotaped deposition and the expenses with respect to the stenographic transcript shall be paid by the Government.

3. The videotape operator shall take an oath to record all proceedings accurately and completely, and certify as to the correctness and completeness of the videotape.

4. Objections to the deposition testimony and the grounds for the objection shall be stated at the time of the taking of the deposition.

5. The Government shall make available to the defendants or their attorneys, for examination and use at the taking of Colón-Cruz' deposition, any statement of Colón-Cruz which is in the Government's possession and to which the defendants would be entitled at trial.

6. Once the stenographic transcript is prepared, defendants shall be given access to the videotape recording.

It is further ORDERED that the prosecution of defendant Ismael Tarrido Torres is hereby severed.

IT IS SO ORDERED.