**Paul Edward JOHNSON, Petitioner,**

v.

**STATE OF WEST VIRGINIA, Respondent.**

Civ. A. No. A:87–1315.

United States District Court,
S.D. West Virginia,
Parkersburg Division.

Feb. 17, 1988.

Paul Edward Johnson, pro se.

Mary Rich Maloy, Asst. Atty. Gen., Charleston, W.Va., for respondent.

## MEMORANDUM OPINION AND ORDER

HADEN, Chief Judge.

Pending before the Court is a petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by Paul Johnson. The State of West Virginia answered the petition and has moved to dismiss. By earlier Order the Court referred the matter to the Honorable Jerry D. Hogg, United States Magistrate for the Southern District of West Virginia, for his review pursuant to 28 U.S.C. § 636(b)(1)(B). Said Magistrate has filed a Report–Recommendation. Johnson objects to the Report–Recommendation in its entirety. Accordingly, the Court has conducted a *de novo* review of Johnson's petition and now renders a decision.

### I. *Background*

On July 3, 1984, Johnson appeared before the Honorable Arthur N. Gustke, Wood County (West Virginia) Circuit Judge, and pled guilty to Count Two of Felony Indictment 84–F–54. He was sentenced to the West Virginia Penitentiary for a term of incarceration of ten years. Shortly thereafter he was taken from the Wood County Correctional Center by the United States Marshal to appear before this Court. He was in the custody of the United States Marshal from July 12, 1984, to July 26, 1984. On July 24, 1984, he pled guilty to two counts of federal indictment number 84–A0001–20: (1) conspiracy to transport in interstate commerce stolen motor vehicles, in violation of 18 U.S.C. § 371, and (2) transporting in interstate commerce stolen motor vehicles, in violation of 18 U.S.C. § 2312. On August 29, 1984, this Court sentenced Johnson to five years on each of the two counts, with the sentences to run concurrently to each other. The Court ordered Johnson to report to Fort Leavenworth, Kansas, on September 27, 1984.

On September 20, 1984, Johnson was back in Wood County Circuit Court to enter a plea of guilty to Count Six of Felony Indictment 84–F–54. Judge Gustke sentenced Johnson to a term of incarceration of one to ten years and made the sentence concurrent to the earlier state and federal sentences. Thereafter, on September 27, 1984, Johnson reported as directed to the Federal Correctional Institution at Fort Leavenworth, Kansas.

On November 13, 1985, the West Virginia Supreme Court of Appeals issued a writ of habeas corpus *ad subjuciendum*, directing Judge Gustke to change the ten-year sentence imposed on Count Two of the state indictment to an indeterminate sentence in accordance with state law. On February 2, 1986, the State of West Virginia filed a detainer with the federal authorities requesting custody of Johnson for resentencing. On February 6, 1986, Johnson reappeared before Judge Gustke and was given a sentence of one to ten years. On March 20, 1986, Judge Gustke entered an amended commitment order reflecting the February 6, 1986, resentencing. On April 10, 1986, Judge Gustke, in correcting an apparent oversight, entered a commitment order reflecting the September 20, 1984, sentence on Count Six of the state indictment.

In the meantime, Johnson, still in federal custody, was transferred to the Federal

Correctional Institution at Sandstone, Minnesota. On April 11, 1986, the Prosecuting Attorney of Wood County filed a detainer with that institution asking that Johnson be returned to the State of West Virginia at the conclusion of his federal sentence. On August 1, 1986, Johnson filed a petition for a writ of habeas corpus in the Circuit Court of Wood County, attacking the detainer. His petition was denied. The Supreme Court of Appeals also denied the petition. Having-exhausted his state remedies, Johnson filed his petition in this Court on November 16, 1987.

Johnson has finished his federal sentence of incarceration and has been placed on parole. Nevertheless, he is still incarcerated due to the detainer placed on him by the State of West Virginia.

## II. *Discussion*

■ Johnson's legal argument is singular and straightforward. He contends that the State of West Virginia, by relinquishing him to the custody of the federal authorities in 1984, lost jurisdiction over him and cannot now require him to serve the remainder of any state sentence. Magistrate Hogg, in reviewing Johnson's argument, found no violation of Johnson's federal constitutional rights. Accordingly, he recommended that the Respondent's motion to dismiss be granted and that the petition be denied. The Court agrees with this conclusion.

The Court's research reveals at least two cases in which state courts handed down decisions favorable to Johnson's position. In *Jones v. Rayborn*, 346 S.W.2d 743 (Ky. 1961), the court held that a prisoner serving a sentence in a Kentucky prison who was subsequently transferred to a federal prison to serve a federal sentence could not be required to serve the remainder of the Kentucky sentence after his release from federal prison. The Kentucky Court of Appeals held that the state had waived the right to require further service of his sentence. A like result was reached in *People ex rel. Barrett v. Bartley*, 383 Ill. 437, 50 N.E.2d 517 (1943).

Both of the above cases involve state courts sitting to decide state issues. This Court must concern itself with federal constitutional issues. As the Magistrate observed, "[v]iolations of state law and procedure which do not infringe specific federal constitutional protections are not cognizable under § 2254." Report–Recommendation at 2 (quoting *Chance v. Garrison*, 537 F.2d 1212 (4th Cir.1976) and *Grundler v. North Carolina*, 283 F.2d 798 (4th Cir. 1960)). In *Shields v. Beto*, 370 F.2d 1003 (5th Cir.1967), the court found a federal constitutional issue where the state court (Texas) had waited twenty-eight years before reasserting jurisdiction over the prisoner. The Court found that it would be a denial of the due process promised by the Fourteenth Amendment to allow the state to reassert jurisdiction. Consequently, the Court found a waiver of jurisdiction to have occurred when Texas released the prisoner to Louisiana prior to the expiration of his Texas sentence.

■ Accepting the unusual case which furthers fundamental motions of fairness, the general rule today nevertheless appears to be that "[a] sovereign does not lose its power to keep a convict in custody by turning the convict over to another sovereign for service of a sentence." *Tavarez v. United States Attorney General*, 668 F.2d 805, 809 (5th Cir.1982). Likewise, it has been said that "the federal government and a state are perfectly free to make any agreement between themselves concerning which of their sentences will be served first, as long as the prisoner is not compelled unnecessarily to serve his sentences in a piecemeal fashion." *Causey v. Civiletti*, 621 F.2d 691, 694 (5th Cir.1980). *See also Williams–El v. Carlson*, 712 F.2d 685 (D.C.Cir.1983); *Hernandez v. United States Attorney General*, 689 F.2d 915 (10th Cir.1982); *United States v. Warren*, 610 F.2d 680 (9th Cir.1980); *Floyd v. Henderson*, 456 F.2d 1117 (5th Cir.1972); *United States v. Acevedo–Ramos*, 605 F.Supp. 190 (D.P.R.1985).

The Court detects no element of unfairness here. Johnson may be upset that he may yet face unexpired portions of his two concurrent state sentences. There can be no dispute, however, that he has benefitted

from the arrangement between the state and federal authorities to this point. He has been permitted to serve time in the better environment afforded by the federal penal system while at the same time receiving credit toward his state sentence. A prisoner cannot with one hand work a deal for federal time and with the other seek to avoid residual state time.

█ Even if Johnson's legal argument had merit, it would be inapposite here. Johnson's second state sentence was imposed after the federal sentences. In *Thompson v. Bannan*, 298 F.2d 611 (6th Cir.1962), a case relied upon by Johnson, the court held that one state could prosecute a prisoner after first relinquishing him to another state for prosecution and punishment. So, excepting the first state sentence, the state's jurisdiction over Johnson was secondary to that of the federal prosecutors. Hence, even if the state could be said to have somehow lost its jurisdiction, such loss would pertain only to the sentence on Johnson's first state conviction. As noted, Johnson's exposure to incarceration on the second state sentence is equal to that of the first.

### III. *Conclusion*

For the foregoing reasons, the Court concludes that there are no federal constitutional issues raised by Johnson's petition and that the same should be denied.

The *pro se* Petitioner is hereby notified of his right to appeal this decision by filing a "Notice of Appeal" with the Clerk of this Court within thirty days of the date this Order is entered.