**UNITED STATES of America, Plaintiff,**

v.

**LAI FA CHEN, Zong Xian Lin, Defendants.**

**Nos. CR 02–20143, 03–06050 RMW.**

United States District Court, N.D. California, San Jose Division.

April 11, 2003.

---

Elizabeth K. Lee, U.S. Attorney's Office, San Francisco, CA, for U.S.

Shawn Halbert, Federal Public Defender's Office, San Francisco, CA, Linda Shao, Law Offices of Linda Shao, Bruce C. Funk, Law Offices of Bruce C. Funk, Jay Rorty, Federal Public Defender's Office, San Jose, CA, for defendants.

**ORDER GRANTING MOTION BY THE UNITED STATES TO TAKE RULE 15 DEPOSITIONS (Docs. 105–1, 68–1)**

SEEBORG, United States Magistrate Judge.

**I. INTRODUCTION**

The United States moves to take the depositions of detained material witnesses pursuant to Fed.R.Crim.P. 15. Defendants oppose the motion. The material witnesses have not, through their respective counsel, taken a position on the government's motion. The parties appeared for oral argument on April 9, 2003. Based on the briefs submitted and the arguments of counsel, the United States' motion is granted.

**II. BACKGROUND**

The defendants in this case, Lai Fa Chen and Zong Xian Lin, are charged with illegal alien smuggling in violation of 8 U.S.C. § 1324(a)(2)(B). On October 21, 2002, crew members from a fishing vessel reported that

they had been hijacked by ten nationals from the People's Republic of China ("PRC"). The Coast Guard responded and found the two defendants on the vessel. Defendants reported that ten PRC nationals had taken over command of the boat and had then fled to shore. The PRC nationals who fled the vessel maintain that they had paid money to be smuggled into the United States, had been hidden in the cargo hold of the fishing boat during the journey, and then had taken control of it after defendant Chen demanded more money to bring them to their intended destination.

On October 24, 2002, a criminal complaint was filed in this matter. On February 12, 2003, this Court issued arrest warrants under 18 U.S.C. § 3144 upon the determination that the ten PRC nationals who fled the vessel were material witnesses for the purposes of this case. At hearings held for each of the material witnesses upon arrest, their respective counsel objected to continued detention. Seven PRC nationals are currently being detained without release conditions under material witness warrants.[1] They have been in custody as material witnesses since at least February 12, 2003. The United States now moves to take the depositions of the seven material witnesses currently in custody.

## III. STANDARDS

The motion by the United States to take material witness depositions implicates the interplay between Fed.R.Crim.P. 15, which permits depositions in criminal cases when certain condition have been fulfilled, and 18 U.S.C. § 3144, which governs detention of material witnesses. Rule 15 provides in pertinent part:

(a) When taken.

(1) In General. A party may move that a prospective witness be deposed in order to preserve testimony for trial. The court may grant the motion because of exceptional circumstances and in the interest of justice. If the court orders the deposition to be taken, it may also require the deponent to produce at the deposition any designated material that is not privi-

leged, including any book, paper, document, record, recording, or data.

(2) Detained Material Witness. A witness who is detained under 18 U.S.C. § 3144 may request to be deposed by filing a written motion and giving notice to the parties. The court may then order that the deposition be taken and may discharge the witness after the witness has signed under oath the deposition transcript.

Under 18 U.S.C. § 3144,

No material witness may be detained because of inability to comply with any condition of release if the testimony of such witness can adequately be secured by deposition, and if further detention is not necessary to prevent a failure of justice. Release of a material witness may be delayed for a reasonable period of time until the deposition of the witness can be taken pursuant to the Federal Rules of Criminal Procedure.

A *party* seeking to take a Rule 15 deposition must make a showing of "exceptional circumstances" as required by Rule 15(a)(1). Where a material witness, instead, moves for a Rule 15 deposition, he need not show such "exceptional circumstances." Fed.R.Crim.P. 15(a)(2). 18 U.S.C. § 3144 prohibits detention of material witnesses if their testimony can be secured by deposition, regardless of which party brings the motion to take the deposition. Besides its specific provisions regarding detention, Section 3144 also provides that once the court authorizes the arrest of a material witness, that witness is to be treated in accordance with 18 U.S.C. § 3142, governing release and detention questions generally.

## IV. ANALYSIS

### A. Rule 15 Depositions

■ "Rule 15(a) does not require any conclusive showing of 'unavailability' or 'material testimony' before a deposition can be taken in a criminal case. Rule 15(a) only requires that the trial court find that due to exceptional circumstances it is in the interest of justice

---

1. One of the material witnesses, Nian Chi Kwo, was released on bond by the immigration court and is now a fugitive. This Court has issued release conditions for two other material witnesses, Cheng Wen and Xian Bao Cheng.

that the testimony of a prospective witness be taken and preserved for possible use at trial." *United States v. Omene*, 143 F.3d 1167, 1170 (9th Cir.1998); *see also United States v. Sines*, 761 F.2d 1434, 1439 (9th Cir.1985) (noting that Rule 15 does not require a "conclusive showing of 'unavailability' before a deposition can be taken in a criminal case."). "The district court retains broad discretion in granting a Rule 15(a) motion, and considers the particular circumstances of each case to determine whether the 'exceptional circumstances' requirement has been satisfied." *United States v. Farfan–Carreon*, 935 F.2d 678, 679 (5th Cir.1991).

In this instance, the Court finds for two reasons that "exceptional circumstances" exist under Rule 15(a). First, an order compelling depositions is a procedural predicate for the detained material witnesses to seek their release. Second, because the future status of the detained material witnesses is uncertain, an order providing a mechanism to secure their testimony is appropriate and "in the interest of justice" under Rule 15(a)(1).

### 1. Material Witness Detention as an Exceptional Circumstance

Applying the "exceptional circumstances" standard of Rule 15(a)(1), the continued detention of material witnesses qualifies as a factor supporting a determination of exceptional circumstances. Other courts faced with a motion brought by the government to depose material witnesses have considered their detained status when finding exceptional circumstances. *See United States v. Allie*, 978 F.2d 1401 (5th Cir.1992) (affirming order where the district court found "exceptional circumstances" under Rule 15(a) on government's motion to take depositions of detained material witnesses and refusing to allow continued detention of the material witnesses).

Under circumstances similar to the present case, the Fourth Circuit affirmed a district court decision ordering Rule 15 depositions of Mexican nationals who were being held as material witnesses to an immigrant smuggling operation. *See United States v. Rivera*, 859 F.2d 1204 (4th Cir.1988). The

district court applied the heightened "exceptional circumstances" standard to the material witness' motion, noting:

> Exceptional circumstances have been shown in that the witnesses are being incarcerated awaiting a trial. And humanitarian considerations alone demand that something be done to release them from incarceration, when their only purpose for being incarcerated is to be witnesses. And whether they voluntarily flee after their depositions have been taken or whether the INS deports them back to their countries of origin is beside the point.

*Rivera*, 859 F.2d at 1206.[2] The Court finds the reasoning of *Rivera* persuasive in finding exceptional circumstances in this instance.

Defendants assert that the identity of the movant, here the United States rather than counsel for the material witnesses, should somehow change the result. They caution the Court "not to blend the arguments supporting depositions under Rule 15, with those applying only to 18 U.S.C. § 3144." In doing so, defendants essentially urge the Court to ignore the fact that the instant Rule 15 request takes place in the detained material witness context. It is indeed correct, as defendants suggest, that most of the cases concerning detained material witness depositions, like *Rivera*, involve motions initiated by material witnesses then in custody. This distinction, however, has not impact on the proper result from a legal or policy perspective.

Because this Court has determined that presently there are no release conditions sufficient to "reasonably assure the appearance" of the material witnesses, Rule 15 depositions act as the only predicate for the termination of their detention. Rule 15 and 18 U.S.C. § 3144 are inextricably bound even when the government, and not the detained material witness, moves for a Rule 15 deposition. Section 3144 states: "[n]o material witness may be detained because of inability to comply with any condition of release if the testimony of such witness can adequately be se-

---

**2.** Effective December 1, 2002, Rule 15(a) was amended and separated into two parts, Rule 15(a)(1) and (a)(2). Before the amendment, it was unclear whether the "exceptional circum-

stances" standard applied when a material witness moved for a deposition. The amendment makes clear that this heightened standard only applies to a motion made by a *party*.

cured by deposition, and if further detention is not necessary to prevent a failure of justice." The statute generally prohibits continued detention of material witnesses after a Rule 15 deposition regardless of which party brings the motion. The Court cannot ignore the fact that an order permitting depositions provides the foundation for a motion to terminate detention. For material witnesses detained pursuant to Section 3144, Rule 15 depositions are keys to the jailhouse door regardless of who initiates the deposition motion.

If the Court were to heed the defendants' suggestion to refrain from reading Rule 15 in conjunction with 18 U.S.C. § 3144 when the government is the moving party, the Court would: (1) needlessly require serial Rule 15 motions from each material witness; (2) deter the government from playing an active role in ensuring that material witnesses are only detained as long as necessary to secure their testimony; and (3) forestall the government from effective enforcement of its immigration laws.[3] The better practice, in the detained material witness context, is to consider the impact that an order permitting depositions would have on the detained material witness even when a party and not the witness makes the motion. Although detention itself does not amount to a *per se* "exceptional circumstance" under Rule 15(a)(1), it would be the rare case when it would not.[4]

### 2. Uncertain Future Status of the Material Witnesses

If the material witnesses ultimately are released even on conditions, the prospect that they may flee to the PRC beyond the subpoena power of the district court cannot be discounted. Although the material witnesses have asylum applications pending, they could abandon these applications, the

applications could be denied, or they could seek to be voluntarily deported to their home country. The Court presently deals with material witnesses whose future status is, therefore, uncertain. These facts contribute to a finding of "extraordinary circumstances" even though the witnesses may turn out to be "available" for trial.

Defendants rely on *United States v. Drogoul,* 1 F.3d 1546, 1552 (11th Cir.1993) for the proposition that the "government has the burden to demonstrate that there is a substantial likelihood that the witnesses to be deposed will unavailable for trial." In *Drogoul,* the government sought to take Rule 15 depositions from 13 foreign nationals in Italy. *Id.* at 1549. Of the 13 witnesses, seven of them stated that they would not travel to the United States to testify at trial. *Id.* The Court allowed the government to take depositions from all of the proposed witnesses, even those who stated they would voluntarily travel to the United States for trial. *Id.* at 1557. In doing so, the Court emphasized:

> We must remember, however, that unavailability is not the focus *per se* of Rule 15(a). Unavailability is required for use of the depositions at trial. Fed.R.Crim.P. 15(e). All that is necessary to take depositions is a showing that 'exceptional circumstances' exist and that justice would be served by preserving the deposition testimony.

*Id. Drogoul,* therefore, stands simply for the proposition that unavailability is a factor to consider when making a determination of exceptional circumstances.

Under Section 3144, a material witness arrest warrant must be supported by an affidavit demonstrating that the testimony of the witness is material and that "it may become impracticable to secure the presence

---

**3.** In the immigrant smuggling context, Congress has facilitated the ability of the government to take depositions of material witnesses and then initiate deportation proceedings. Under 8 U.S.C. § 1324(d), the videotaped deposition of a witness who has been deported is deemed admissible notwithstanding any provision of the Federal Rules of Evidence. *See United States v. Santos-Pinon,* 146 F.3d 734 (9th Cir.1998) (affirming facial constitutionality of Section 1324(d)).

**4.** In some instances, detention alone would not be enough to make a showing of exceptional

circumstances. For instance, if the Court felt that detention of a material witness was necessary "to prevent a failure of justice" under Section 3144, it would make little sense to order the deposition of the witness. Defendants have made no such showing in this case. Likewise, a motion brought under Rule 15 might be denied if detained material witnesses had successfully demonstrated but not yet satisfied specific release conditions sufficient to "reasonably assure" their appearance at trial under 18 U.S.C. § 3142.

of the person by subpoena." In the detained material witness setting, a moving party seeking to take a Rule 15 deposition need not show a "substantial likelihood" that the proposed deponent will be unavailable for trial as suggested by the defendants. The ultimate question of "unavailability" for purposes of admitting deposition testimony at trial is left for consideration by the presiding district judge at the appropriate juncture.

### 3. Fairness to the Defendants

Defendants raise several arguments to support their contention that criminal depositions at this early stage of the case would be unfair. First, defendants note that if the material witnesses are granted immunity, those material witnesses will be free to offer perjured testimony without fear of prosecution. Although this argument may provide a springboard to attack the credibility of the witnesses and the ultimate admissibility of the testimony in question, it does not support the contention that a Rule 15 deposition should be precluded in the first instance. The statutory scheme underlying Rule 15 and Section 3144 sanctions early depositions of material witnesses who may later be deported or flee from the jurisdiction of the district court. Implicit in this structure is the recognition that while live trial testimony is preferable, in these exceptional circumstances, criminal depositions are nonetheless generally permissible notwithstanding the limitations of the procedure.

Second, defendants provide numerous examples of how they will not be able effectively to impeach or cross-examine the material witnesses until they have been given a chance to conduct further investigation. These arguments fail to support the contention that Rule 15 depositions should not proceed. Rather, they attack the ultimate admissibility of the deposition testimony at trial. While it is true that "the Confrontation Clause guarantees an *opportunity* for effective cross-examination," [5] this particular inquiry is not before the Court. The pre-

siding district judge will ultimately decide the constitutional sufficiency of any proposed deposition testimony offered at trial.

### 4. Deposition Procedures

Counsel for the parties and material witnesses shall agree on the place and time for the depositions. They shall submit a schedule to the Court no later than April 18, 2003. If the parties cannot reach an agreement with respect to the form and preservation of objections, they shall proceed in compliance with Rule 15(g). A judicial officer need not be present at the depositions, *See Torres–Ruiz v. United States Dist. Court*, 120 F.3d 933, 936 (9th Cir.1997) (Rule 15 procedure which allows for preservation of objections satisfies concerns regarding the absence of a judicial officer during criminal depositions). Rule 15(c) allows the Court to order the government to pay the cost of transcripts "[w]henever a deposition is taken at instance of the government ...." The government shall bear the transcript costs in this case.

### B. Continued Detention

■ The material witnesses have not yet filed a motion seeking their release upon completion of the Rule 15 depositions, and therefore this order does not reach the issue of whether the material witness deponents should be released following their depositions. Although Rule 15(a) in conjunction with 18 U.S.C. § 3144 evinces a strong policy that material witnesses should be released from detention after the completion of criminal depositions,[6] a court need not contemporaneously order automatic and immediate release. The issue of continued detention after the depositions should therefore be raised by separate motion.

Accordingly, it is, hereby,

ORDERED:

---

5. *Delaware v. Fensterer*, 474 U.S. 15, 20, 106 S.Ct. 292, 88 L.Ed.2d 15 (1985) (emphasis in original).

6. *See Torres–Ruiz v. United States Dist. Court*, 120 F.3d 933, 937 (9th Cir.1997) (issuing writ of mandamus where material witnesses were being

detained even though their testimony could be preserved by deposition); *Aguilar–Ayala v. Ruiz*, 973 F.2d 411, 413 (5th Cir.1992) ("Read together, Rule 15(a) and § 3144 provide a detained witness with a mechanism for securing his own release.").

Plaintiffs' motion to take Rule 15 depositions is GRANTED as set forth above.

IT IS SO ORDERED.