Agnes, Peter W., J.
I. INTRODUCTION
The defendant stands indicted for five counts of murder in the second degree and one count of arson concerning events which occurred on or about February 24, 1999. The case is before the court on the defendant’s motion to depose a prospective witness under Mass.R.Crim.P. 35(a). Upon careful consideration and review, the defendant’s motion is DENIED without prejudice.
II. BACKGROUND
The defendant has been in custody awaiting trial since February 27, 1999. On or about December 23, 2004, the Commonwealth provided the defendant the statement of a man named Joseph Marcangelo, taken on December 15, 2004. The statement elicited from Marcangelo provided that he was across the street from the scene of the alleged offenses as the house was engulfed in flames. There, he encountered a woman and a young boy who were observing the fire as well. Marcangelo stated that he exchanged a few sentences with the pair, one of which was to ask what happened. The young boy replied, “I was playing with matches and the couch caught on fire. I couldn’t put it out.”
Thereafter, the prospective witness was interviewed by Lt. Paul Gatreau of the Lynn Fire Department. At • that time, Marcangelo indicated that he was homeless but could be contacted through his mother who resided in Lynn. Despite numerous letters from the District Attorney’s office, Marcangelo never provided further information to law enforcement until he gave the December 15, 2004 statement to Captain Joseph Rowe of the Lynn Police Department. According to the Lynn Police, Joseph Marcangelo is now 26 years old, resides in Saugus, and is employed by a moving company.
III.DISCUSSION
Mass.R.Crim.P. 35(a), provides, in relevant part:
Whenever due to exceptional circumstances, and after a showing of materiality and relevance, it is deemed to be in the interest of justice that the testimony of a prospective witness of the defendant or the Commonwealth be taken and preserved, the judge may at any time after the . . . return of an indictment, upon his own motion or the motion of either parly with notice to all interested persons, order that the testimony of the witness be taken by deposition . . ,[1]
The defendant has established that the prospective witness’ testimony is relevant and likely material to the defendant’s case. A showing of materiality is generally demonstrated through such evidence as affidavits or a proffer of the testimony which the witness may offer at trial. See United States v. Marteau, 162 F.R.D. 364, 369 (witness’ testimony concerns thrust of evidence at issue). However, the rule does not leave the matter of a deposition to the discretion of the court like many other issues that arise in connection with discovery. See UnitedStates v. Keithan, 751 F.2d 9, 12 (1st Cir. 1984), citing United States v. Mann, 590 F.2d 361, 365 (1st Cir.1978) (narrow construction prevents depositions in criminal matters from becoming discovery device). This is because the rule is not a discovery device but rather a mechanism to preserve testimony for trial. See Mass.R.Crim.P. 35, Reporter’s Notes. The burden is on the moving party to demonstrate exceptional circumstances which justify taking the deposition of the prospective witness. See United States v. Drogoul, 1 F.3d 1546, 1552 (11th Cir. 1993). Federal courts have construed the determination of whether exceptional circumstances exist to be based upon three factors, none of which is solely determinative. Thus, a court shall consider whether: “(1) the witness is likely to be unavailable at trial; (2) injustice will otherwise result without the material testimony that the deposition could provide; and (3) countervailing factors would make the deposition unjust to the non-moving party.” See United States v. Bunnell, 201 *454 F.Sup. 169, 170 (D.Maine 2002); United States v. Marteau, 162 F.R.D. 364, 367 (M.D.Florida 1995). Moreover, Mass.R.Crim.P. 35(a) requires a demonstration of relevance as well as materiality.
Exceptional circumstances are established when a witness is unwilling to testify at a defendant’s trial as the result of fear for his own safely; Commonwealth v. Tanso, 411 Mass. 640, 645-46 (1992); the witness is outside of the court’s subpoena power and hostile to the defendant; Marteau, 162 F.R.D. at 369; was of an advanced age, suffering from infirmities which prevented the witness from traveling away from home; United States v. Keithan, 751 F.3d at 12; continued detention of a material witness solely for the purpose of being a witness; United States v. Lai Fa Chen, 214 F.R.D. 578, 580 (N.D.California 2003); the witness possesses information relevant to the issue at trial, resides out of the country, and suffers from arteriosclerosis and chronic bronchitis preventing travel; United States v. Rosenstein, 303 F.Sup. 210, 213 (S.D.N.Y. 1969); and the witness is being detained by Massachusetts authorities awaiting trial for murder and wishes to cooperate and testify for the government in the defendant’s case. United States v. Aceuedo-Ramos, 605 F.Sup. 190, 192 (D.Puerto Rico 1985).
A defendant fails to satisfy the burden of establishing exceptional circumstances in instances where the prospective witness is a fugitive from justice; id. at 212; there is a bare recital of fear that the witness will not attend the trial; Rosenstein, 303 F.Sup. at 212; the defendant failed to allege that the witness would be prevented from or unable to attend tried or that failure to take a deposition would result in injustice; United States v. Grado, 154 F.Sup. 878, 879 (W.D.Missouri 1957); the defendant claimed that he was unable to interview the prospective witness who would be available for trial; United States v. Dickerson, 113 F.Sup.2d 324, 327 (N.D.N.Y. 2000); and the prospective witness resides out of state, suffers from a degenerative, debilitating disease, yet there is no showing that the witness’s testimony would be material. United States v. Bunnell, 201 F.Sup. at 171.
Here, the defendant has failed to establish a substantial likelihood that Marcangelo will not be available to testify at trial. See United States v. Drogoul, 1 F.3d 1546, 1553. The prospective witness has lived in the same general area since the alleged crimes occurred. Marcangelo is employed and is known to the Lynn police. The defendant’s generalized fear that Marcangelo may again disappear and fail to attend trial is insufficient to support a finding of unavailability in this case. See United States v. Rosenstein, 303 F.Sup. 210, 212. In addition, the prospective witness is 26 years old and, by the statement taken on December 15, 2004, appears to have sufficient ability to recollect the events which occurred on or about February 24, 1999. Thus, the defendant has failed to establish any physical or mental infirmity which would preclude Marcangelo from testifying at trial.
Moreover, the defendant has failed to establish that denial of the motion to depose Marcangelo would result in an injustice because exceptional circumstances which create a doubt about whether the defendant shall have the opportunity to confront Marcangelo at trial do not exist. See United States v. Grado, 154 F.Sup. 878, 879 (no injustice would result against defendant because of witness’s contemplated presence at trial).
IV. ORDER
For all of the foregoing reasons, it is hereby ORDERED that the defendant’s motion to depose the prospective witness be DENIED without prejudice.

The Massachusetts rule was drafted to conform with Fed.R.Crim.P. 15, which provides:
Whenever due to exceptional circumstances of the case it is in the interest of justice that the testimony of a prospective witness of a party be taken and preserved for use at trial, the court may upon motion of such party and notice to the parties order that testimony of such witness be taken. . .