SUPERIOR COURT 
 
 COMMONWEALTH V. MARCOS DOMINGOS

 
 Docket:
 1983CR00144
 
 
 Dates:
 February 14, 2020
 
 
 Present:
 /s/Robert B. Gordon Justice of the Superior Court
 
 
 County:
 PLYMOUTH, ss
 

 
 Keywords:
 MEMORANDUM OF DECISION AND ORDER ON DEFENDANT'S MOTION TO TAKE DEPOSITION AND PERPETUATE TESTIMONY 
 
 

             The Court has reviewed the Defendant's Motion to Take Deposition and Perpetuate Testimony (# 19), and conducted a non-evidentiary hearing on February 13, 2020. Upon consideration of the matter, the Court finds that the Defendant has failed to put forward sufficient evidence qualifying as "exceptional circumstances" to warrant issuance of an order to preserve R.F.'s testimony via deposition. See Mass. R. Crim. P. 35(a).
            At the outset, the Court observes that Rule 35 does not commit the matter of whether to order a witness deposition to the broad discretion of the trial judge, as are many other issues that arise in connection with criminal discovery. See United States v. Keithan, 751 F.2d 9, 12 (1st Cir. 1984), citing United States v. Mann, 590 F.2d 361, 365 (1st Cir. 1978) (narrow construction prevents depositions in criminal cases from becoming discovery device).[1] This follows "because
---------------------------
[1]Massachusetts Rule of Criminal Procedure 35 was expressly modeled after a pre-existing federal rule, Fed. R. Crim. P. 15. The parties having furnished the Court with no Massachusetts authorities addressed to Rule 35, the undersigned has looked to interpretations of the cognate federal rule for guidance.
                                                            -1-
the rule is not a discovery device, but rather a mechanism to preserve testimony for trial." Commonwealth v. Hilton, 19 Mass. L. Rptr. 453, at * 1 (Mass. Super. Ct. June 1, 2005) (Agnes, J.). The burden is thus on the moving party to demonstrate "exceptional circumstances" which justify taking the deposition of a prospective witness. Id.; United States v. Drogoul, 1 F.3d 1546. 1552 (11th Cir. 1993).
            In the case at bar, R.F., a witness whom both parties acknowledge possesses potentially quite relevant evidence, has reported to defense counsel a concern that, as an undocumented resident who lives in the United States illegally, appearing at trial could expose her to apprehension and deportation at the hands of federal ICE officials. The undersigned acknowledges the concern so stated, but concludes that an expressed but otherwise unsubstantiated anxiety about immigration-related risks associated with appearing in court will not suffice to justify the exceptional Rule 35 remedy Defendant seeks. Defense counsel has available to him the power to summons R.F. to appear and give testimony at trial; and the Court's authority to issue a capias warrant and enforce criminal contempt sanctions for noncompliance should provide fully sufficient incentive for this witness to appear. Indeed, these immediate risks of criminal punishment would seem to be more compelling than the highly suppositional concern that federal ICE officials might take R.F. into custody should she appear in court.[2]
---------------------------
[2] The Court notes in this regard that R.F. is reported to have lived in this country without incident for some two decades; that she has not received any form of enforcement notice from federal immigration authorities; and that there is no evidence that Brockton Superior Court has to date ever been utilized as a staging ground for ICE's apprehension of undocumented aliens. Moreover, a recent decision of the United States District Court for the District of Massachusetts declared the practice of ICE officials making civil arrests in courthouses (like the one R.F. fears here) unlawful, and preliminarily enjoined such practice. See Ryan v. U.S. Immigration and Customs Enforcement, 382 F. Supp. 3d 142 (D. Mass. 2019) (Talwani, D.J.). The concern of R.F. conveyed by defense counsel in his affidavit appears all the more conjectural and remote in these circumstances.
                                                            -2-
            At hearing, counsel for both sides acknowledged that no Massachusetts court has ever ordered a Rule 35 deposition on facts resembling those of the instant case. Courts have generally, however, found exceptional circumstances to exist in circumstances where the subject witness is far less in control of his situation than those present in the case at bar. E.g.: where a witness is beyond the subpoena power of the court and hostile to the defendant, see United States v. Marteau, 162 F.R.D. 364, 369 (M.D. Fla. 1995); where the witness is of advanced age and suffering infirmities that preclude traveling away from home, see United States v. Keithan, supra, 751 F.3d at 12; where the witness resides out of the country and suffers from chronic medical conditions preventing international travel, see United States v. Rosenstein, 303 F. Supp. 210, 213 (S.D.N.Y. 1969); and where the witness is being detained by out of state authorities as he awaits trial for murder, and wishes to testify for the government in the defendant's case, see United States v. Acevedo-Ramos, 605 F. Supp. 190, 192 (D. P.R. 1985).
            Conversely, courts have found that a defendant fails to meet the burden of demonstrating exceptional circumstances in cases much closer factually to the present one. E.g.: where the prospective witness is a fugitive from justice, see Acevedo-Ramos, supra, 605 F. Supp. at 212; and where there is a bare recital of fear that the witness will not attend the trial, see Rosenstein, supra at 212.
            Taking all matters into fair consideration, it is the judgment of the Court that R.F.'s professed insecurity about immigration-related risks she might theoretically face were she to come to court is simply not sufficient to qualify as "exceptional circumstances" within the meaning of Rule 35(a). Until such time as the Court is presented with evidence that R.F. is the subject of actual deportation proceedings, or is otherwise disabled by circumstances rendering her unavailable to appear at trial, the Defendant's motion is speculative and must be DENIED.
                                                            -3-
SO ORDERED

xxz